The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

David M. BEYER, Defendant–Appellant.

No. 87CA0160.

Colorado Court of Appeals,
Div. III.

Sept. 15, 1988.

Rehearing Denied Oct. 13, 1988.

Certiorari Denied Feb. 21, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.

TURSI, Judge.

Defendant, David M. Beyer, appeals the imposition of consecutive aggravated range sentences following his convictions for attempted first degree murder, two counts of second degree kidnapping, and second degree assault. He challenges the trial court's conclusion that the nature of the crimes for which he was convicted required

that mandatory sentences be imposed pursuant to § 16–11–309, C.R.S. (1986 Repl. Vol. 8A). We affirm.

The charges against defendant arose from a series of events that began in an automotive repair shop in Colorado Springs. Ronald Aylesworth, accompanied by his friend Martin Newville, drove to the shop to settle a dispute over recent repairs made on Aylesworth's truck with Bradley Mitchell, the shop operator and codefendant here. Upon their arrival, Aylesworth and Newville were taken to the back of the shop where they found themselves surrounded by four armed men, including defendant and Mitchell. The victims were instructed to lie down on the floor, and when Aylesworth failed to comply defendant shot him. Both victims were then bound and placed in the back seat of Aylesworth's truck.

Defendant drove the truck to a remote mountainous area while Mitchell sat in the front passenger seat holding a gun. The victims were then ordered out of the truck, at which time Aylesworth collapsed as a result of his injuries. With the assistance of Newville, defendant began carrying Aylesworth down the mountain slope into a ravine while Mitchell held his own gun and defendant's gun. At some point the codefendants alternated and Mitchell carried Aylesworth while defendant held the guns. Newville was tied to a tree at the bottom of the ravine and both victims were abandoned.

Following a bench trial, the court found that although the prosecutor had failed to establish beyond a reasonable doubt that defendant intended to kill Aylesworth at the repair shop, there was sufficient evidence to support the charge of attempted first degree murder as a result of the abandonment of Aylesworth in the ravine. The court further concluded that because defendant used or possessed and threatened the use of a gun in committing the attempted murder and three other offenses for which he was convicted, he was subject to the mandatory sentencing provisions of § 16–11–309. This statute mandates the imposition of consecutive aggravated sentences for persons convicted of "two separate crimes of violence arising out of the same incident," and defines a crime of violence as one in which defendant used or threatened the use of a deadly weapon during the commission of the offense.

I

Defendant maintains that the word "incident" as used in this statutory scheme is a term of limitation intended by the General Assembly to mean a single occurrence rather than a broader range of events. He argues, therefore, that because the shooting of Aylesworth, the transporting of the victims to the mountains, and the abandonment were separate incidents as opposed to a single incident, the statute is inapplicable to the facts of this case. We disagree.

■ The primary task in construing a statute is to ascertain the intent of the General Assembly. Words and phrases should be given effect according to their plain and ordinary meaning, and the statute should be read and considered as a whole. Constructions which defeat the obvious legislative intent should be avoided, and, where possible, a statute should be interpreted so as to give consistent and sensible effect to all its parts. *People v. District Court*, 713 P.2d 918 (Colo.1986).

■ In enacting this sentencing scheme, the General Assembly determined that the use of a deadly weapon during the commission of a crime was sufficiently serious to warrant an enhanced sentence. There is a rational basis, founded in the public interest in safety and deterrence, for making the determination to impose more severe sentences upon those offenders convicted of violent crimes. We cannot assume the General Assembly intended that a defendant convicted of multiple crimes of violence that have been joined in a single prosecution be sentenced more leniently than those convicted of a single violent offense.

Contrary to defendant's contention, the word "incident" is not limited in meaning to a separate unit of experience, but is defined also as "an occurrence ... taking

place as part of a larger continuum" or "a happening or related group of happenings" subordinate to a main plot. *Webster's Third New International Dictionary* 1142. Hence, an incident may logically include a series of acts committed in close proximity or a chain of events forming a part of a schematic whole.

We therefore conclude the meaning of the term "incident" as used in the statute is sufficiently broad to encompass the related crimes committed here as a single incident for sentencing purposes.

## II

Defendant also contends that the court erred in imposing a mandatory sentence because there was insufficient evidence to establish he used or possessed and threatened the use of a gun when abandoning Aylesworth in the ravine. Again, we disagree.

A challenge to the sufficiency of the evidence requires a reviewing court to determine whether the evidence, both direct and circumstantial, when viewed as a whole and in a light most favorable to the prosecution, is substantial and sufficient to support the conclusion that defendant is guilty beyond a reasonable doubt. *Taylor v. People*, 723 P.2d 131 (Colo.1986). The evidence here was sufficient to meet this test.

In view of the foregoing discussion, we find defendant's remaining contention meritless.

SENTENCE AFFIRMED.

CRISWELL and JONES, JJ., concur.