**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Robert Edward QUINTANO, Defendant–Appellant.**

No. 00CA2196.

Colorado Court of Appeals, Div. I.

July 3, 2003.

Certiorari Granted Jan. 12, 2004.

Ken Salazar, Attorney General, Wendy J. Ritz, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Andrea R. Manning, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge CRISWELL.*

Defendant, Robert Edward Quintano, appeals the judgment of conviction entered upon jury verdicts finding him guilty of three counts of sexual assault on a child. He also appeals the sentence imposed. We affirm the judgment and the sentence to incarceration, vacate the mandatory parole portion of the sentence, and remand the case with directions.

Defendant was originally charged with third degree assault, false imprisonment, crime of violence, and five counts of sexual assault on a child. The jury found him guilty of three counts of sexual assault on a child and acquitted him of the remaining charges. The trial court thereafter sentenced defen-

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2002.

dant to three concurrent sixteen-year prison terms, plus a three-year mandatory parole period.

## I.

Defendant first asserts that he is denied equal protection by those statutes, §§ 16–4–103(2) and 16–4–107(4), C.R.S.2002, which require a defendant whose bond has been revoked because of alleged commission of another felony to be tried within ninety days, but which do not provide the same right to a defendant whose bond is revoked for some other reason. Hence, he asserts that he was denied his right to a speedy trial.

■ However, defendant did not raise this issue in the trial court. Appellate courts in this state will review under the plain error standard claims of constitutional error that are based upon occurrences during the trial. *See People v. Harlan,* 8 P.3d 448 (Colo.2000).

■ Nevertheless, where the only constitutional "error" alleged is based upon the claim that a statute denies equal protection, such a claim will be reviewed only if it has first been presented to the trial court. *People v. Lesney,* 855 P.2d 1364 (Colo.1993); *People v. Boyd,* 30 P.3d 819 (Colo.App.2001); *see People v. Cagle,* 751 P.2d 614 (Colo.1988).

■ Hence, because defendant did not question the validity of the pertinent statutes in the trial court, we decline to consider that issue.

## II.

Defendant next contends that the trial court erred by denying his request for a bill of particulars and by failing to require the prosecution to elect a specific act as the basis for each charge. However, given the circumstances here, we conclude that any error was harmless.

## A.

■ One purpose of a bill of particulars is to enable the defendant to prepare his defense in cases in which the indictment, although sufficient to advise him of the nature of the charges, is so indefinite in its state-

ment that it does not afford him a fair opportunity to procure witnesses or to prepare for trial. *Erickson v. People,* 951 P.2d 919 (Colo. 1998).

■ In addition, by specifically identifying the act or omission upon which the charge is based, a bill of particulars also protects the defendant from being prosecuted twice for the same offense. *Woertman v. People,* 804 P.2d 188 (Colo.1991).

■ In ruling on a request for a bill of particulars, the trial court should consider whether the requested information is necessary for the defendant to prepare his defense or to protect against subsequent prosecution. *Woertman v. People, supra; People v. District Court,* 198 Colo. 501, 603 P.2d 127 (1979).

Here, the information charged defendant with five counts of sexual assault on a child, all allegedly committed on the same date. It did not, however, describe the specific incident on which any individual charge was based. Defendant filed a motion for bill of particulars seeking identification of the "precise nature of the sexual contact charged" in each count, the number of sexual acts on which each charge was based, the names of witnesses, and the "precise times and locations corresponding to the sexual acts that are alleged to have occurred."

The trial court denied the motion, concluding that the probable cause affidavit filed with the charging document and the discovery the prosecution had already produced provided defendant with all the information he requested in his motion.

■ There was no abuse of discretion in the trial court's ruling. The record demonstrates that defendant was on notice that he was charged with five separate and distinct instances of sexual contact with the victim. Indeed, at the preliminary hearing, although the prosecutor did not assign a particular charge to each separate incident of alleged sexual misconduct, she specifically identified the five incidents that were the bases of all the charges, collectively. In addition, the charging document and the probable cause affidavit provided defendant with the names

of all the witnesses to the events that gave rise to the charges.

Hence, the record does not support defendant's assertion that he was unaware until trial that he would be required to present a defense against multiple instances of sexual misconduct as distinguished from one continuous act. Nor did the trial court's denial of his motion for bill of particulars result in his being forced to rely on a "defense of general denial" or deprive him of the ability to "investigate further" and to "determine if there were other witnesses."

For the first time on appeal, defendant also argues that a bill of particulars was necessary to protect him from being prosecuted again for the same acts and that the trial court's denial of his motion violated the prohibition against double jeopardy. We address and reject this argument in our consideration of his claim that the court erred in not requiring the prosecution to elect which incident was the subject of each charge and in giving the jurors a unanimity instruction.

## B.

■ When evidence of several acts is presented at trial, any one of which would constitute the basis for the single offense charged, the prosecution may be compelled to select the act or acts on which that charge is based. *People v. Lawrence*, 55 P.3d 155 (Colo.App.2001). Such an election enables the defendant to prepare a defense to each specific charge, and it ensures that some jurors do not convict on one act and others on a different act. *Woertman v. People*, *supra*.

■ In the alternative, if the court does not require the prosecution to designate the specific act upon which the single charge is based, it must give the jurors a unanimity instruction by which they are told that either they must all agree upon a specific act as supporting the charge, or they must all agree that all the incidents referred to in the evidence occurred. *Woertman v. People*, *supra*; *Thomas v. People*, 803 P.2d 144 (Colo.1990).

However, such an alternative instruction is not appropriate if, as here, the defendant is charged with more than one offense and evidence of more than one incident is introduced.

To begin with, the jurors in such a case cannot agree with respect to any *single* charge that the defendant committed *all* the incidents at issue. If they did so, they could return only a *single* verdict of guilt. They could, of course, be instructed that they must agree that the defendant committed the *same* act with respect to *each* charge, which would insure that each guilty verdict was the result of a unanimous jury.

However, unless the prosecution and the court identify the specific incident upon which each separate charge is based, the defendant's right to be protected against being placed in double jeopardy is implicated.

■ Here, there were five alleged incidents of sexual assault and five charges. Yet, no charge was "connected" by court instruction or otherwise to any specific incident. Hence, when the jury returned its verdicts acquitting defendant of two assaults, but convicting him of three, nothing but bald speculation would allow any conclusion as to which of the five incidents formed the basis for the three convictions. Were this court to require a new trial of these charges, it is questionable whether such a trial could occur, considering defendant's right to be free from double jeopardy. Indeed, there is doubt whether, in such a new trial, the prosecution could introduce evidence respecting any of the five incidents, because it cannot be ascertained with any degree of confidence of which of the five incidents defendant was acquitted. *See Patton v. People*, 35 P.3d 124 (Colo.2001)(double jeopardy clause protects an accused from being twice placed in danger of conviction and punishment for the same offense); *People v. Williams*, 651 P.2d 899 (Colo.1982)(if a second prosecution for the same statutory offense requires proof of the same facts upon which a conviction was obtained in the first prosecution, double jeopardy principles would bar the second prosecution).

We conclude, therefore, that the court should have required the prosecution to elect which of the five incidents related to each of

the five charges. Likewise, it erred in giving the jurors the typical unanimity instruction.

However, we also conclude that such error, given all of the circumstances here, was harmless.

First, there can be no doubt but that the three convictions here are based upon five specific incidents. There is no question, therefore, of the incidents or of the evidence upon which all five verdicts were based.

The unanimity instruction told the jurors that, with respect to each count, they had either to agree upon the same incident or agree that all of the incidents had been proven. We assume that they followed this instruction. *See People v. Moody,* 676 P.2d 691 (Colo.1984). And, because they acquitted defendant of two counts, it is clear that they agreed upon the same separate incidents for each of the three counts upon which they returned their guilty verdicts. Concededly, however, there is no way to identify *any* of the five incidents as the ones relied upon by the jury for the three guilty verdicts.

Second, defendant does not assert that the evidence was insufficient to support any of the five charges. The evidence of each of the five incidents relied upon by the prosecution was legally sufficient to support a conviction, although the jury declined to convict him on two of the charges.

Finally, defendant does not assert that the trial court committed some other error, so that a new trial is mandated. Hence, double jeopardy concerns here are not presented.

In short, while it may be impossible to determine which of the five incidents the jurors relied upon, the record makes clear what incidents were being relied upon for all of the charges collectively, the jurors agreed upon a separate incident to support each of the these convictions, the evidence was legally sufficient to support a conviction for each, and no other circumstance worked to defendant's prejudice. The error of the trial court was, under these circumstances, harmless.

### III.

In a related claim, defendant argues that the sexual assault on a child charges were multiplicitous and that two of his three convictions must be vacated on that basis. We disagree.

Under the doctrines of both merger and double jeopardy, a reviewing court must determine whether the offenses at issue constitute the same offense or are multiple offenses. *People v. Leske,* 957 P.2d 1030 (Colo. 1998); *People v. Henderson,* 810 P.2d 1058 (Colo.1991). Offenses are not the same if each offense requires proof of a fact that the other does not. *People v. Robinson,* 874 P.2d 453 (Colo.App.1993).

The doctrine of "multiplicity" is a related concept. Convictions are multiplicitous if a criminal defendant is charged with the same offense in two or more counts of an indictment. *People v. Borghesi,* 66 P.3d 93 (Colo.2003); *People v. Ellis,* 30 P.3d 774 (Colo.App.2001).

Here, contrary to defendant's assertion, his three sexual assault on a child convictions are not based on a single criminal act. Rather, although the information did not specify which incident of inappropriate sexual contact supported each charge, each incident constituted a separate offense. *See People v. Saars,* 196 Colo. 294, 584 P.2d 622 (1978)(although three incidents of sexual assault on the same victim occurred within a two-hour time period, they did not constitute a single criminal act and were properly prosecuted separately); *see also People v. Ellis, supra* (information charging two counts of extreme indifference murder was not multiplicitous where the defendant fired three shots into two closed doors during the same criminal episode).

In so concluding, we reject defendant's assertion that, because the assaults were committed within a relatively short period of time, they necessarily constitute a "continuing course of conduct." In support of this argument, defendant relies on § 18–1–408(1)(e), C.R.S.2002, which provides:

(1) When any conduct of a defendant establishes the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not be convicted of more than one offense if . . .

(e) *[t]he offense is defined as a continuing course of conduct* ....

Here, the sexual assault on a child offense of which defendant was convicted is not defined as a continuing course of conduct. *See People v. Woellhaf,* —— P.3d ——, 2003 WL 21403159 (Colo.App. No. 00CA2351, June 19, 2003).

Moreover, a defendant may be charged with and convicted of more than one offense committed during the same criminal transaction without running afoul of § 18–1–408(1)(e) or triggering multiplicity concerns, if he has either violated more than one statute or violated the same statute more than once. *People v. Martinez,* 640 P.2d 255 (Colo.App.1981); *People v. Roberts,* 43 Colo. App. 100, 601 P.2d 654 (1979); *cf. People v. Saars, supra.*

## IV.

Defendant also contends that the trial court did not make adequate findings of aggravation to support its imposition of the maximum allowable sentence in the aggravated range and that it abused its discretion by ordering that the sentence be served consecutively to the sentence he was already serving in another case. We disagree.

 Sentencing is a discretionary function, and because the trial court is more familiar with the defendant and the circumstances of the case, it is accorded wide latitude in its decisions on such matters. Thus, a trial court's sentencing decision will not be disturbed absent a clear abuse of discretion. *People v. Watkins,* 684 P.2d 234 (Colo.1984); *People v. O'Dell,* 53 P.3d 655 (Colo.App.2001).

 In exercising its sentencing discretion, a trial court must consider the nature and elements of the offense, the character and rehabilitative potential of the offender, any aggravating or mitigating circumstances, and the public interest in safety and deterrence. *People v. Eurioste,* 12 P.3d 847 (Colo. App.2000).

 When a sentence outside the presumptive range is imposed, the court is required to make findings as to aggravating circumstances that justify variation from the presumptive range and the reasons for imposing the sentence. Section 18–1.3–401(7), C.R.S.2002; *see also People v. Eurioste, supra.* A reasonable explanation of the sentence imposed will suffice, provided the record of the sentencing proceeding indicates that the court considered the essential statutory factors. *People v. Walker,* 724 P.2d 666 (Colo.1986).

 The fact that a sentencing court finds aggravating factors more compelling than mitigating factors does not constitute an abuse of discretion or indicate that the trial court failed to consider evidence of mitigation. *People v. Hernandez–Luis,* 879 P.2d 429 (Colo.App.1994). Indeed, the circumstances of a crime alone may justify the imposition of a lengthy sentence. *People v. Vigil,* 718 P.2d 496 (Colo.1986).

Here, the crimes of which defendant was convicted are class four felonies and extraordinary risk crimes. *See* §§ 18–1.3–401(10)(b)(IV), 18–3–405, C.R.S.2002. The presumptive range of penalties for such crimes is between four and eight years and up to sixteen years in the aggravated range. *See* § 18–1.3–401(1)(a)(V)(A), (6), (10)(a), C.R.S.2002. Because it found that defendant is a habitual sexual offender against children, the trial court was required to sentence him to at least eight years, the maximum presumptive range sentence. *See* § 18–3–412, C.R.S.2002.

We note that, because the sentencing judge also presided over defendant's trial, he was familiar not only with the evidence presented at the sentencing hearing, but also with all other aspects of the case. In its findings, the court indicated that the sentence was justified by the seriousness of the offenses, defendant's criminal history, including his previous sexual assault on a child conviction, the Probation Department's determination that he presented a "great risk to community safety," and its recommendation that the court order that the sentence in this case be served consecutively to the sentence imposed in the other case.

 We find no abuse of discretion in the sentence imposed. The court was sufficiently specific in its findings to provide a basis

for review, and the sentence is within the range required by law, is based on appropriate considerations as reflected in the record, and is factually supported by the circumstances of the case. *See People v. Fuller,* 791 P.2d 702 (Colo.1990).

In so concluding, we reject defendant's claim that the trial court abused its discretion by ordering that the sentence imposed in this case be served consecutively to the sentence he was serving in the other case. And, contrary to defendant's assertion, the fact that the sentences imposed in the two cases total thirty-two years does not mean that the sentence imposed in this case was "effectively" thirty-two years. *See People v. Thomas,* 916 P.2d 582 (Colo.App.1995)(sentencing court has discretion to impose a sentence to be served consecutively or concurrently to a sentence already imposed). We likewise reject defendant's contention that the sentence was based on the trial court's conclusion that "intimidation may have been a factor in the underlying offenses, which would bring in mandatory sentencing for [a] crime of violence." Immediately after making that comment, the court indicated that, because the prosecution had not made the intimidation argument, the court was not considering that factor or applying the crime of violence statute in imposing sentence.

We also are not persuaded by defendant's argument that the trial court's prior ruling, that evidence of his prior sexual assault conviction was inadmissible at trial, precluded the court from using that conviction to support its determination that he was subject to enhanced sentencing as a habitual sexual offender against children pursuant to § 18–3–412. Although the court initially indicated that the prior conviction could not be used "for purposes of sentence enhancement," it later clarified its ruling by explaining that, while the evidence could not be used at trial, the court had "made no findings" concerning the use of the prior conviction for purposes of sentencing under the habitual offender statute.

Moreover, we note that, when the court entered its initial ruling, a postconviction motion in that other case challenging the validity of the prior conviction was pending, but by the time defendant was sentenced in this case, that motion had been denied. Thus, we find no abuse of discretion in the court's use of the prior conviction for sentencing purposes, even if doing so was inconsistent with its initial ruling. *See People v. Dunlap,* 975 P.2d 723, 758 (Colo.1999)(under the law of the case doctrine, "prior relevant rulings made in the same case are to be followed unless such application would result in error or unless the ruling is no longer sound due to changed conditions"); *People v. Warren,* 55 P.3d 809 (Colo.App.2002).

Finally, even if the court's consideration of any one of the factors it identified as supporting an aggravated range sentence was inappropriate, reversal is not warranted, because other evidence in the record supports the sentence imposed. *See People v. Broga,* 750 P.2d 59 (Colo.1988)(where a sentence in the aggravated range was supported by several factual considerations, only one of those factors need be legitimate to justify court's decision).

## V.

Defendant finally asserts, and the People concede, that he is subject to discretionary, not mandatory, parole and that the trial court thus erred by imposing a period of mandatory parole as part of his sentence.

Defendant was convicted of sexual assaults that were committed in July 1998. Accordingly, we agree with the parties that defendant is subject to discretionary parole pursuant to § 17–2–201(5)(a.5), C.R.S.2002. *See* § 18–1.3–401(1)(a)(V)(C), C.R.S.2002; *see also People v. Cooper,* 27 P.3d 348 (Colo. 2001).

The judgment and sentence to incarceration are affirmed; the mandatory parole portion of the sentence is vacated; and the case is remanded with directions to issue an amended mittimus indicating that defendant is subject to discretionary parole pursuant to § 17–2–201(5)(a.5).

Judge VOGT and Judge GRAHAM concur.