The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Michael John BOBRIK, Defendant–
Appellant.

No. 01CA0707.

Colorado Court of Appeals,
Div. V.

Aug. 28, 2003.

Certiorari Granted March 22, 2004.

⊸273.4(1)

Ken Salazar, Attorney General, John D. Seidel, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Doug Barnes, Deputy State Public Defender, Martin Gerra, Deputy State Public Defender (On the Briefs), Denver, Colorado, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Michael John Bobrik, appeals the judgment and sentences of 585 years in the Department of Corrections (DOC) entered upon his guilty plea to 141 counts of sexual offenses, consisting of 41 counts of sexual assault on a child as part of a pattern of sexual abuse, 41 counts of sexual assault on a child by one in a position of trust, 41 counts of aggravated incest, 15 counts of second degree sexual assault, and 3 counts of inducement of child prostitution, plus 4 crime of violence counts. We affirm in part, vacate in part, and remand for further proceedings.

The offenses were based upon defendant's sexual contacts with his two stepdaughters,

R.R. and K.R. Initially, the prosecution filed a 36–count information. However, the prosecution subsequently dismissed those counts and added 145 new counts. This resulted in two sets of numbers, counts 37–181 (old numbers) and 1–145 (new numbers). For convenience, we will refer to the counts by their new numbers, 1–145. All the counts allege the same dates, "between and including January 1, 1991 and April 29, 1996."

In the information, 105 counts named R.R. as the victim, and 40 counts named K.R. as the victim. Of the 145 counts, 138 specified different acts of sexual misconduct; there were 4 crime of violence counts; and 3 counts of inducement of child prostitution did not specify an underlying act. The alleged sexual acts with R.R. were: (1) fifteen counts of "simulated intercourse" (referred to as "humping"); (2) fifteen counts of "fondled genitalia"; (3) twenty counts of "digital penetration"; (4) fifteen counts of "manual ejaculation"; (5) twenty counts of "oral sex"; and (6) fifteen counts of "laying and ejaculating on victim." The alleged sexual acts engaged in with K.R. were: (1) fifteen counts of "naked massage"; (2) twenty counts of "digital penetration"; and (3) three counts of "manual ejaculation."

At the providency hearing, the prosecutor offered a factual basis for the guilty pleas. According to the factual basis, defendant began molesting R.R. within a year after marrying her mother. Numerous types of sexual contact occurred during the next several years, starting when R.R. was ten years old and continuing until she was fifteen or sixteen.

The factual basis indicated: (1) "the humping incidents ... happened at least 30 times and at most 150 times"; (2) "[defendant] put his hand on her breasts ... at least 150 times and at most 200 times"; (3) "[defendant] touched her private area, but didn't put his fingers inside ... at least 50 times and at most 200 times"; (4) "[defendant] put his fingers inside her private part ... at least 50 times and at most 100 times"; (5) "[R.R.] ... brought him to manual ejaculation ... at least 50 times and at most 100 times"; (6) "[R.R.] gave him oral sex ... at least 50 times and at the most 100 times"; (7) "[de-fendant] ejaculated by rubbing his penis on her back ... at least 25 times and at most 50 times"; (8) "[defendant] ejaculated by rubbing his penis on [R.R.'s] stomach ... at least 25 times and at most 50 times"; (9) "the incidents involving her urinating on [defendant] occurred approximately a dozen times"; and (10) "the times it occurred with [defendant's] urinating on her also happened approximately a dozen times."

Regarding K.R., the factual basis indicated that the molestation occurred when she was between eight and ten years old. The prosecutor did not state the number of times sexual contact occurred with K.R., but described the various forms of sexual contact: "The sexual abuse of K.R. involved usually [defendant] being naked and [K.R.] being naked and [defendant] giving her a naked massage, he would either fondle her genital area or digitally penetrate her. Then at a certain point [defendant] also began to have [K.R.] manually masturbate him to ejaculation."

At the providency hearing, defendant indicated that he agreed to the factual basis and pleaded guilty to all 145 counts. Defendant subsequently requested indeterminate sentencing under the Colorado Sex Offenders Act of 1968 (the 1968 Act), which was denied by the trial court.

The prosecution filed a sentencing memorandum after the providency hearing but before sentencing. In that memorandum, the prosecutor calculated the sentencing range for defendant's offenses to be 585 to 1872 years in the DOC. The prosecutor stated that each pattern count was an enhancer to an associated count of sexual assault on a child by one in a position of trust, and there were 41 pairs of pattern and trust counts. The prosecution argued that each pair required a 10–year minimum DOC sentence. According to the prosecution, each of those sentences had to be consecutive because all the sexual assaults during the 5–year period arose from the same incident for purposes of the crime of violence statute.

The trial court sentenced defendant to a cumulative sentence of 585 years in the DOC. The court imposed (1) consecutive 10–year

sentences on each position of trust count, for a total of 410 years, and concurrent 10–year terms for each pattern count associated with each trust count; (2) consecutive 10–year terms for 12 aggravated incest counts, for a total of 120 years; and (3) consecutive 5–year sentences for 11 counts of second degree sexual assault associated with a crime of violence, for a total of 55 years. All other sentences were to be served concurrently. This appeal followed.

At the outset, we note that because of the complexity of this case, the number of charges, and the relationship among them, both defense counsel and the People have attached appendixes to their briefs. We attach Appendix A to our opinion setting forth the counts and showing their relationship to one another.

## I.   Colorado Sex Offenders Act of 1968

■ Defendant contends the trial court abused its discretion in refusing to impose an indeterminate sentence under the 1968 Act. We disagree.

The purpose of the 1968 Act, § 18–1.3–901, et seq., C.R.S.2002 (formerly § 16–13–201, et seq.), is "the protection of members of the public from proven dangerous sex offenders." *People v. White*, 656 P.2d 690, 693 (Colo. 1983). The 1968 Act applies to offenses committed before November 1, 1998. Section 18–1.3–902, C.R.S.2002.

The 1968 Act allows courts to impose an alternative sentence of an indeterminate term of one day to life imprisonment, rather than a determinate sentence. However, a defendant has no constitutional or statutory right to be sentenced under the 1968 Act; the trial court has discretion to impose an indeterminate sentence. Section 18–1.3–904, C.R.S.2002; *People v. Wortham*, 928 P.2d 771, 774 (Colo.App.1996).

Here, after defendant requested sentencing under the 1968 Act, two required psychiatric reports and the probation department report were prepared. *See* §§ 18–1.3–908, 18–1.3–909, C.R.S.2002.

Based on these reports, the trial court found defendant remained a significant threat to society. One psychiatrist stated that he had no reason to believe that defendant would be able to control his sexual urges if he were released into the community. Additionally, he noted that while defendant indicated a desire for treatment, defendant's response to treatment was unpredictable. The other psychiatrist concluded that defendant was at a very high risk to reoffend based on several risk factors, and he could not safely be based in the community. The offense specific evaluation, attached to the probation report, noted that based on testing, defendant had tendencies to intimidate and exploit others and could display "a rash willingness to risk harm." Moreover, the offense specific evaluation described numerous instances where defendant admitted engaging in deviant sexual conduct. The offense specific evaluation also concluded that defendant could not live in the community, that he would benefit from the sex offender program in the DOC, and that he would need lifetime supervision.

Accordingly, based on these reports, the trial court did not abuse its discretion in imposing a determinate sentence rather than one pursuant to the 1968 Act. *See People v. Breazeale*, 190 Colo. 17, 26, 544 P.2d 970, 976 (1975).

## II.   Position of Trust and Pattern Counts

Defendant next contends the trial court erred in imposing consecutive ten-year sentences for forty-one counts of sexual assault by one in a position of trust based on the pattern enhancer counts because those counts do not refer to the crime of sexual assault by one in a position of trust, and because the statute authorizing a pattern enhancer was not enacted until after the dates alleged in the forty-one counts. In addition, defendant maintains the separate sentences imposed for the forty-one pattern counts must be vacated. We agree in part.

### A.   Issues Not Raised in the Trial Court

At the outset, we reject the People's assertion that we should not consider this issue because it was not raised in the trial court.

■ Here, when defendant pleaded guilty, he reserved the right to appeal the legality of his sentence. A challenge to an illegal sentence requires an "inquiry into the subject matter jurisdiction of the sentencing court and may not be waived." *Downing v. People*, 895 P.2d 1046, 1050 (Colo.1995); *see also* Crim. P. 35(a) (an illegal sentence can be corrected by the trial court at any time). Moreover, "[a] sentence imposed by a court that is not authorized by statute is illegal and void." *Downing v. People, supra*, 895 P.2d at 1049.

Thus, we consider the merits of defendant's contentions.

### B. Position of Trust Counts

■ Defendant contends the trial court erred in sentencing him pursuant to the crime of violence statute for the pattern enhanced counts of sexual assault on a child by one in a position of trust because that statute applies only to offenses committed on or after July 1, 1998. We agree.

Sexual assault on a child by one in a position of trust is committed as follows:

> Any actor who knowingly subjects another not his or her spouse to any sexual contact commits sexual assault on a child by one in a position of trust if the victim is a child less than eighteen years of age and the actor committing the offense is one in a position of trust with respect to the victim.

Section 18–3–405.3(1), C.R.S.2002.

A "pattern of sexual abuse" is "the commission of two or more incidents of sexual contact involving a child when such offenses are committed by an actor upon the same victim." Section 18–3–401(2.5), C.R.S.2002.

Under the current version of § 18–3–405.3, sexual assault on a child by one in a position of trust committed as part of a pattern is increased from a class 4 to a class 3 felony. Section 18–3–405.3(2)(b), C.R.S.2002. Further, under § 18–3–405.3(4), C.R.S.2002, if a defendant is convicted of that class 3 felony, the court must impose the mandatory sentence for a crime of violence provided in § 18–1.3–406, C.R.S.2002. However, subsections (2)(b) and (4) were not enacted until 1998 and apply only to offenses committed on or after July 1, 1998. Colo. Sess. Laws 1998, ch. 314 at 1444.

Here, all the offenses were alleged to have occurred between 1991 and 1996, before the pattern enhancement and mandatory sentence for violent crimes were authorized in this situation. Therefore, even if the pattern enhancement counts had referred to the position of trust counts, they would not have been effective to enhance the penalties for the position of trust counts.

Thus, defendant's crime of violence sentences for the position of trust counts must be vacated. *See Downing v. People, supra*, 895 P.2d at 1049. Specifically, we vacate the sentences for counts 6–10, 21–25, 36–40, 57–61, 73–77, 94–98, 111–115, 126–130, and 143. Accordingly, we remand for resentencing on the position of trust counts without the application of the sentencing requirements of the pattern enhancement or the crime of violence statute. However, we note that the position of trust counts are all class 3 felonies without the pattern enhancer because they all allege that the victims were under fifteen years of age. *See* § 18–3–405.3(2)(a), C.R.S.2002.

In light of this disposition, we need not address defendant's related argument that resentencing is required for these counts because the pattern of abuse sentence enhancer counts did not incorporate or refer to the position of trust counts.

### C. Pattern Counts

■ Defendant also maintains that the separate sentences imposed on forty-one counts alleging the pattern of sexual abuse enhancer must be vacated. More specifically, he asserts that a sentence enhancer cannot stand alone as the basis for a separate judgment of conviction to which a separate sentence attaches. We do not agree.

In *People v. Melillo*, 25 P.3d 769, 777–78 (Colo.2001), the supreme court held that a pattern count citing both the statute concerning sexual assault on a child and the pattern sentence enhancer was sufficient to charge both offenses. There, the defendant was charged with two counts of sexual assault on a child by one in a position of trust and one

count of sexual assault on a child as part of a pattern of sexual abuse.

The defendant was convicted of sexual assault on a child as part of a pattern of sexual abuse, but was acquitted of one count of sexual assault on a child by one in a position of trust, and a mistrial was declared on the second position of trust count. The court concluded that ·the "[d]efendant had notice that he was not only being charged with sexual assault on a child, but also that he was being charged with committing the crime as part of a pattern of sexual abuse." *People v. Melillo, supra*, 25 P.3d at 779–80. .

Here, defendant was similarly on notice that he was being charged with sexual assault on a child because the counts alleging the pattern offense referred to the statutes for both sexual assault on· a child and the pattern sentence enhancer.

This conclusion is further supported by defendant's Crim. P. 11 advisement at the providency hearing. There, defendant was not advised that the pattern counts were enhancers of the position of trust counts. Instead, he was advised· of ·the offense of sexual assault on a child as part of a pattern of sexual abuse. Even if the prosecution's sentencing memorandum asserted that each pattern count was an enhancer to an associated count of sexual assault on a child by one in a position of trust, it was not filed until after defendant pleaded guilty. Therefore, the sentencing memorandum could not have affected defendant's guilty plea.

Accordingly, the imposition of sentences for forty-one counts of sexual assault on a child as part of a pattern of sexual abuse was proper. Specifically, we affirm the sentences imposed on counts 1–5, 16–20, 31–35, 52–56, 68–72, 89–93, 106–110, 121–125, and 142.

## D. Multiple Patterns

■ In a related argument, defendant maintains that resentencing is required because only one pattern enhancer can apply to the time period alleged for each victim. Specifically, he asserts that there could not have been multiple patterns because only one count referring to each victim could be the predicate offense for the pattern, and the remaining counts must represent the other instances of sexual contact forming the pattern of sexual abuse. Again, we disagree.

Defendant does not cite any authority to support his argument that there cannot be multiple patterns for each victim. The statutory language defining "pattern of sexual abuse" is not limited to one pattern for each victim. *See* § 18–3–401(2.5); *see also People v. Longoria*, 862 P.2d 266, 271 (Colo. 1993)("When the [General Assembly] defines a term in a statute, statutory construction requires that the term be given its statutory meaning.")(quoting *R.E.N. v. City of Colorado Springs*, 823 P.2d 1359, 1364 (Colo.1992)); *cf. People v. Apodaca*, 58 P.3d 1126 (Colo. App.2002)(courts will not follow a statutory construction that leads to an unreasonable or absurd result).

Thus, there can be one pattern count for each underlying substantive count. *See* § 18–3–401(2.5).

## III. Double Jeopardy Clauses

■ Defendant also contends that the separate convictions and sentences for identically worded counts in the information violate state and federal double jeopardy clauses and must merge. We disagree.

In *People v. Woellhaf*, 87 P.3d 142, 146, 2003 WL 21403159 (Colo.App. No. 00CA2351, June 19, 2003), a division of this court concluded that identically worded charges in an information did not violate double jeopardy protection where the evidence and jury instructions specified the different types of sexual contact alleged in each count and the prosecution elected specific acts at the close of its case-in-chief. Further, each instance of sexual contact was "distinct, different, and factually separate." *See also People v. Quintano*, 81 P.3d 1093, 2003 WL 21511745 (Colo. App. No. 00CA2196, July 3, 2003)(defendant's convictions of three counts of sexual assault on a child were not multiplicitous, even though the offenses were committed in a relatively short period).

Here, as in *Woellhaf*, various groups of counts are identically worded, with each count in the group specifying a type of contact. *See* Appendix A. Because the factual

bases supporting defendant's guilty pleas described numerous instances of each type of sexual contact occurring on different occasions, and are therefore separate and distinct, there is no basis to conclude that multiple identically worded counts must merge. Thus, we find *Woellhaf* persuasive and follow it here.

### IV. Crime of Violence Counts

■ Defendant argues the four crime of violence counts, which referenced forty-seven substantive counts, charge an ex post facto violation and the enhanced crime of violence sentences imposed on those substantive counts must be vacated. Specifically, he contends that nothing in the record establishes whether the acts alleged in the substantive counts to which the crime of violence enhancer attached occurred before or after July 1, 1994, the effective date of the applicable crime of violence statute. We disagree.

In part II(B), we vacated defendant's crime of violence sentence imposed for forty-one position of trust counts. Because twelve of the crime of violence counts at issue here (numbered 36–40, 61, 77, and 126–130), were vacated in part II(B), we will only address the remaining thirty-five counts. Those thirty-five counts consist of twelve pattern counts (numbered 31–35, 56, 72, and 121–125), twelve aggravated incest counts (numbered 41–45, 66, 82, and 131–135), and eleven second degree sexual assault counts (numbered 46–50, 87, and 136–140).

Here, defendant pleaded guilty to four crime of violence counts, which alleged that he either used threats, intimidation, or force or caused bodily injury to the victims during the commission of specifically enumerated substantive offenses alleged to have occurred between January 1991 and April 1996. Because the acts forming the basis for these counts may have occurred before July 1, 1994, the effective date of the crime of violence statute, defendant argues that all of the counts for which a consecutive sentence was imposed must be vacated.

The People maintain that, by pleading guilty, defendant waived his right to make this ex post facto argument. We agree with the People.

Under the crime of violence statute, a crime of violence includes "any unlawful sexual offense in which defendant caused bodily injury to the victim or in which the defendant used threat, intimidation, or force against the victim." Section 18–1.3–406(2)(b)(I), C.R.S. 2002 (formerly § 16–11–309(2)).

When a defendant enters a plea of guilty, he or she admits committing the substantive crime charged. A defendant thus waives various constitutional rights, including the right to insist at trial that the prosecution establish guilt beyond a reasonable doubt. *Patton v. People*, 35 P.3d 124 (Colo.2001).

■ However, a defendant does not waive a claim that a charge on its face is one for which the court lacked the power to enter a conviction or impose sentence in the first instance. *Patton v. People, supra* (citing *United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989)).

■ By pleading guilty, a defendant admits involvement in the crime up to and including the last date alleged in the charge. *People v. Flagg*, 18 P.3d 792 (Colo.App.2000).

As relevant here, an ex post facto law makes more onerous the punishment for a crime after its commission. *People v. Graham*, 876 P.2d 68 (Colo.App.1994).

■ A law violates ex post facto principles if it imposes punishment for a crime that is more severe than the punishment in effect when the crime was committed. *People v. Flagg, supra.*

Defendant's reliance on *People v. Graham, supra,* is misplaced. There, a division of this court vacated an enhanced sentence because it was impossible to tell from the jurors' verdict or answers to interrogatories whether the predicate offense they selected to justify the enhancement from a class 4 to a class 3 felony occurred after the relevant enhancement statute became effective. Here, in contrast, defendant pleaded guilty and, by doing so, waived his right to assert that the charged acts occurred before July 1, 1994. "Having admitted that the crime occurred between certain dates, the defendant cannot

now claim otherwise." *People v. Flagg, supra*, 18 P.3d at 794.

Thus, defendant waived the right to challenge his plea to the above crime of violence counts and the resulting sentences.

Contrary to defendant's argument, the People do not now maintain that all the described acts occurred after July 1, 1994; rather, they simply maintain that defendant waived his right to assert otherwise.

■ We also reject defendant's related contention that his rights were violated because the prosecutor's factual basis stated during the providency hearing indicated that some of the incidents involving R.R. and most of the incidents involving K.R. occurred before July 1, 1994. While this is an accurate representation of the prosecutor's statements, some of the offenses occurred after July 1, 1994, and, as in *People v. Flagg, supra*, defendant waived his right to challenge the dates of the remaining offenses.

In sum, the judgment and sentences enhanced by a separate crime of violence are affirmed, except those on counts of sexual assault by one in a position of trust.

## V.   Consecutive Sentences

■ Finally, defendant contends the trial court erred by concluding that the assaults on the victims arose from the "same incident" and required consecutive sentencing under the crime of violence statute. We agree.

The crime of violence statute provides in pertinent part, "A person convicted of two or more separate crimes of violence arising out of the same incident shall be sentenced for such crimes so that sentences are served consecutively rather than concurrently." Section 18–1.3–406(1)(a), C.R.S.2002.

In *People v. Beyer*, 768 P.2d 746 (Colo. App.1988), a division of this court analyzed the term "incident" in this context:

> [T]he word "incident" is not limited in meaning to a separate unit of experience, but is defined also as "an occurrence ... taking place as part of a larger continuum" or "a happening or related group of happenings" subordinate to a main plot.

Hence, an incident may logically include a series of acts committed in close proximity or a chain of events forming a part of a schematic whole.

*People v. Beyer, supra*, 768 P.2d at 747–48 (quoting *Webster's Third New International Dictionary* 1142 (1986)). The *Beyer* opinion did not discuss the period of the incidents involved.

Here, the prosecution alleged the offenses occurred over a five-year period. At sentencing, the prosecution argued that R.R. and K.R. were subjected to a pattern in which each separate act "played off" the preceding acts, so that each victim was moved, little by little, to satisfy defendant's next sexual desire.

In *People v. Woellhaf, supra*, 87 P.3d at 149, a division of this court analyzed the term "incident" in the phrase "two or more incidents of sexual contact" in the definition of pattern of abuse, § 18–3–401(2.5), and held it referred to "distinct episodes of sexual assault" that are "separated by time or an intervening event." Similarly, here, "same incident" must refer to events that are not "separated by time or an intervening event."

The record before us does not show whether the individual acts of sexual contact occurred over a long time or in close proximity. The dates alleged in the prosecution's factual basis tend to show numerous incidents over a long time. Thus, we conclude that the trial court erred in determining that the sexual contacts involving R.R. and K.R. arose from the same incident and therefore required the imposition of consecutive sentencing.

Accordingly, we vacate the mandatory consecutive sentences imposed on counts 51, 67, 88, and 141 and the associated substantive counts, 31–35, 41–50, 56, 66, 72, 82, 87, 121–125, and 131–140. However, on remand, the trial court may, nevertheless, exercise its discretion to sentence defendant to consecutive or concurrent sentences. *See People v. O'Dell*, 53 P.3d 655, 657 (Colo.App.2001).

## VI.   Conclusion

The judgment is affirmed. The sentences are vacated to the extent that the sexual assault on a child-pattern counts were used

as sentence enhancement for the sexual assault-position of trust counts, 6–10, 21–25, 36–40, 57–60, 73–77, 94–98, 111–115, 126–130, and 143. Because we have affirmed the pattern counts in part II(C) on the basis that each referred to an underlying substantive count, the sentence based on these pattern counts is affirmed. The imposition of consecutive sentences on counts 31–35, 41–50, 56, 66, 72, 82, 87, 121–125, and 131–140 is also vacated. In all other respects, the sentences are affirmed, and the case is remanded for further proceedings consistent with this opinion.

Judge CASEBOLT and Judge NIETO concur.

# 874

VICTIM = R.R.

| count no. old | new | act | Sexual Assault on a child - pattern class | range | Sexual Assault on a child - position of trust class | range | Aggravated Incest class | range | Second Degree Sexual Assault class | range | automatic consecutive sentence per 16-11-309 | related cov count |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 37 | 1 | simulated intercourse | 3 | 10 to 32 | | | | | | | y | |
| 38 | 2 | " | 3 | 10 to 32 | | | | | | | y | |
| 39 | 3 | " | 3 | 10 to 32 | | | | | | | y | |
| 40 | 4 | " | 3 | 10 to 32 | | | | | | | y | |
| 41 | 5 | " | 3 | 10 to 32 | | | | | | | y | |
| 42 | 6 | " | | | 3 | 10 to 32 | | | | | | |
| 43 | 7 | " | | | 3 | 10 to 32 | | | | | | |
| 44 | 8 | " | | | 3 | 10 to 32 | | | | | | |
| 45 | 9 | " | | | 3 | 10 to 32 | | | | | | |
| 46 | 10 | " | | | 3 | 10 to 32 | | | | | | |
| 47 | 11 | " | | | | | 3 | 4 to 16 | | | | |
| 48 | 12 | " | | | | | 3 | 4 to 16 | | | | |
| 49 | 13 | " | | | | | 3 | 4 to 16 | | | | |
| 50 | 14 | " | | | | | 3 | 4 to 16 | | | | |
| 51 | 15 | " | | | | | 3 | 4 to 16 | | | | |
| 52 | 16 | fondling genitalia | 3 | 10 to 32 | | | | | | | y | |
| 53 | 17 | " | 3 | 10 to 32 | | | | | | | y | |
| 54 | 18 | " | 3 | 10 to 32 | | | | | | | y | |

VICTIM = R.R.

| count old | new | act | Sexual Assault on a child - pattern class | range | Sexual Assault on a child - position of trust class | range | Aggravated Incest class | range | Second Degree Sexual Assault class | range | automatic consecutive sentence per 16-11-309 | related cov count |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 55 | 19 | " | 3 | 10 to 32 | | | | | | | y | |
| 56 | 20 | " | 3 | 10 to 32 | | | | | | | y | |
| 57 | 21 | " | | | 3 | 10 to 32 | | | | | | |
| 58 | 22 | " | | | 3 | 10 to 32 | | | | | | |
| 59 | 23 | " | | | 3 | 10 to 32 | | | | | | |
| 60 | 24 | " | | | 3 | 10 to 32 | | | | | | |
| 61 | 25 | " | | | 3 | 10 to 32 | | | | | | |
| 62 | 26 | " | | | | | 3 | 4 to 16 | | | | |
| 63 | 27 | " | | | | | 3 | 4 to 16 | | | | |
| 64 | 28 | " | | | | | 3 | 4 to 16 | | | | |
| 65 | 29 | " | | | | | 3 | 4 to 16 | | | | |
| 66 | 30 | " | | | | | 3 | 4 to 16 | | | | |
| 67 | 31 | digital penetration | 3 | 10 to 32 | | | | | | | y | old count 87 |
| 68 | 32 | " | 3 | 10 to 32 | | | | | | | y | old count 87 |
| 69 | 33 | " | 3 | 10 to 32 | | | | | | | y | old count 87 |
| 70 | 34 | " | 3 | 10 to 32 | | | | | | | y | old count 87 |
| 71 | 35 | " | 3 | 10 to 32 | | | | | | | y | old count 87 |
| 72 | 36 | " | | | 3 | 10 to 32 | | | | | | old count 87 |

**VICTIM = R.R.**

| count no. old | new | act | offense — Sexual Assualt on a child - pattern — class | range | Sexual Assault on a child - position of trust — class | range | Aggravated Incest — class | range | Second Degree Sexual Assault — class | range | automatic consecutive sentence per 16-11-309 | related cov count |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 73 | 37 | " | | | 3 | 10 to 32 | | | | | | old count 87 |
| 74 | 38 | " | | | 3 | 10 to 32 | | | | | | old count 87 |
| 75 | 39 | " | | | 3 | 10 to 32 | | | | | | old count 87 |
| 76 | 40 | " | | | 3 | 10 to 32 | | | | | | old count 87 |
| 77 | 41 | " | | | | | 3 | 10 to 32 | | | | old count 87 |
| 78 | 42 | " | | | | | 3 | 10 to 32 | | | | old count 87 |
| 79 | 43 | " | | | | | 3 | 10 to 32 | | | | old count 87 |
| 80 | 44 | " | | | | | 3 | 10 to 32 | | | | old count 87 |
| 81 | 45 | " | | | | | 3 | 10 to 32 | | | | old count 87 |
| 82 | 46 | " | | | | | | | 4 | 5 to 16 | | old count 87 |
| 83 | 47 | " | | | | | | | 4 | 5 to 16 | | old count 87 |
| 84 | 48 | " | | | | | | | 4 | 5 to 16 | | old count 87 |
| 85 | 49 | " | | | | | | | 4 | 5 to 16 | | old count 87 |
| 86 | 50 | " | | | | | | | 4 | 5 to 16 | | old count 87 |
| 87 | 51 | | | | | | | | | | | bodily injury, old counts 67-86 |
| 88 | 52 | manual ejaculation | 3 | 10 to 32 | | | | | | | y | |
| 89 | 53 | | 3 | 10 to 32 | | | | | | | y | |
| 90 | 54 | " | 3 | 10 to 32 | | | | | | | y | |

**VICTIM = R.R.**

| count old | count new | act | Sexual Assault on a child - pattern class | range | Sexual Assault on a child - position of trust class | range | Aggravated Incest class | range | Second Degree Sexual Assault class | range | automatic consecutive sentence per 16-11-309 | related cov count |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 91 | 55 | " | 3 | 10 to 32 | | | | | | | y | |
| 92 | 56 | " | 3 | 10 to 32 | | | | | | | y | old count 103 |
| 93 | 57 | " | | | 3 | 10 to 32 | | | | | | |
| 94 | 58 | " | | | 3 | 10 to 32 | | | | | | |
| 95 | 59 | " | | | 3 | 10 to 32 | | | | | | |
| 96 | 60 | " | | | 3 | 10 to 32 | | | | | | |
| 97 | 61 | " | | | 3 | 10 to 32 | | | | | | old count 103 |
| 98 | 62 | " | | | | | 3 | 4 to 16 | | | | |
| 99 | 63 | " | | | | | 3 | 4 to 16 | | | | |
| 100 | 64 | " | | | | | 3 | 4 to 16 | | | | |
| 101 | 65 | " | | | | | 3 | 4 to 16 | | | | |
| 102 | 66 | " | | | | | 3 | 10 to 32 | | | | old count 103 |
| 103 | 67 | " | | | | | | | | | | threats, old counts 92-97 & 102 |
| 104 | 68 | oral sex | 3 | 10 to 32 | | | | | | | y | |
| 105 | 69 | " | 3 | 10 to 32 | | | | | | | y | |
| 106 | 70 | " | 3 | 10 to 32 | | | | | | | y | |
| 107 | 71 | " | 3 | 10 to 32 | | | | | | | y | |

VICTIM = R.R.

| old | new | act | Sexual Assault on a child - pattern class | range | Sexual Assault on a child - position of trust class | range | Aggravated Incest class | range | Second Degree Sexual Assault class | range | automatic consecutive sentence per 16-11-309 | related cov count |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 108 | 72 | | 3 | 10 to 32 | | | | | | | | of count 123 |
| 109 | 73 | " | | | 3 | 10 to 32 | | | | | | |
| 110 | 74 | " | | | 3 | 10 to 32 | | | | | | |
| 111 | 75 | " | | | 3 | 10 to 32 | | | | | | |
| 112 | 76 | " | | | 3 | 10 to 32 | | | | | | |
| 113 | 77 | " | | | 3 | 10 to 32 | | | | | | of count 123 |
| 114 | 78 | " | | | | | 3 | 4 to 16 | | | | |
| 115 | 79 | " | | | | | 3 | 4 to 16 | | | | |
| 116 | 80 | " | | | | | 3 | 4 to 16 | | | | |
| 117 | 81 | " | | | | | 3 | 4 to 16 | | | | |
| 118 | 82 | | | | | | | 10 to 32 | | | | of count 123 |
| 119 | 83 | " | | | | | | | 4 | 2 to 8 | | |
| 120 | 84 | " | | | | | | | 4 | 2 to 8 | | |
| 121 | 85 | " | | | | | | | 4 | 2 to 8 | | |
| 122 | 86 | " | | | | | | | 4 | 2 to 8 | | |
| 123 | 87 | | | | | | | | | | | of count 123 |
| 124 | 88 | | | | | | | | | | | treats ... |
| 125 | 89 | ejaculate on victim | 3 | 10 to 32 | | | | | | | y | |
| 126 | 90 | " | 3 | 10 to 32 | | | | | | | y | |

VICTIM = R.R.

| count no. old | new | act | offense Sexual Assault on a child - pattern class | range | Sexual Assault on a child - position of trust class | range | Aggravated Incest class | range | Second Degree Sexual Assault class | range | automatic consecutive sentence per 16-11-309 | related cov count |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 127 | 91 | " | 3 | 10 to 32 | | | | | | | y | |
| 128 | 92 | " | 3 | 10 to 32 | | | | | | | y | |
| 129 | 93 | " | 3 | 10 to 32 | | | | | | | y | |
| 130 | 94 | " | | | 3 | 10 to 32 | | | | | | |
| 131 | 95 | " | | | 3 | 10 to 32 | | | | | | |
| 132 | 96 | " | | | 3 | 10 to 32 | | | | | | |
| 133 | 97 | " | | | 3 | 10 to 32 | | | | | | |
| 134 | 98 | " | | | 3 | 10 to 32 | | | | | | |
| 135 | 99 | " | | | | | 3 | 4 to 16 | | | | |
| 136 | 100 | " | | | | | 3 | 4 to 16 | | | | |
| 137 | 101 | " | | | | | 3 | 4 to 16 | | | | |
| 138 | 102 | " | | | | | 3 | 4 to 16 | | | | |
| 139 | 103 | " | | | | | 3 | 4 to 16 | | | | |
| 140 | 104 | Induce child prostitution | | | | | | | | | | |
| 141 | 105 | Induce child prostitution | | | | | | | | | | |

VICTIM = K.R.

| count no. old | new | act | offense | Sexual Assualt on a child - pattern class | range | Sexual Assault on a child - position of trust class | range | Aggravated Incest class | range | Second Degree Sexual Assault class | range | automatic consecutive sentence per 16-11-309 | related cov count |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 142 | 106 | | fondling genitalia | 3 | 10 to 32 | | | | | | | y | |
| 143 | 107 | " | | 3 | 10 to 32 | | | | | | | y | |
| 144 | 108 | " | | 3 | 10 to 32 | | | | | | | y | |
| 145 | 109 | " | | 3 | 10 to 32 | | | | | | | y | |
| 146 | 110 | " | | 3 | 10 to 32 | | | | | | | y | |
| 147 | 111 | " | | | | 3 | 10 to 32 | | | | | | |
| 148 | 112 | " | | | | 3 | 10 to 32 | | | | | | |
| 149 | 113 | " | | | | 3 | 10 to 32 | | | | | | |
| 150 | 114 | " | | | | 3 | 10 to 32 | | | | | | |
| 151 | 115 | " | | | | 3 | 10 to 32 | | | | | | |
| 152 | 116 | " | | | | | | 3 | 4 to 16 | | | | |
| 153 | 117 | " | | | | | | 3 | 4 to 16 | | | | |
| 154 | 118 | " | | | | | | 3 | 4 to 16 | | | | |
| 155 | 119 | " | | | | | | 3 | 4 to 16 | | | | |
| 156 | 120 | " | | | | | | 3 | 4 to 16 | | | | |

## VICTIM = K.R.

| count no. | | act | offense | | Sexual Assualt on a child - position of trust | | Aggravated Incest | | Second Degree Sexual Assault | | automatic consecutive sentence per 16-11-309 | related cov count |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| old | new | | Sexual Assault on a child - pattern | | | | | | | | | |
| | | | class | range | class | range | class | range | class | range | | |
| 160 | 124 | . | 3 | 10 to 32 | | | | | | | y | old count 177 |
| 161 | 125 | " | 3 | 10 to 32 | | | | | | | | old count 177 |
| 162 | 126 | " | | 10 to 32 | | | | | | | | old count 177 |
| 163 | 127 | " | | 10 to 32 | | | | | | | | old count 177 |
| 164 | 128 | " | | 10 to 32 | | | | | | | | old count 177 |
| 165 | 129 | " | | 10 to 32 | | | | | | | | old count 177 |
| 166 | 130 | " | | 10 to 32 | | | | | | | | old count 177 |
| 167 | 131 | " | | | | | | | | | | old count 177 |
| 168 | 132 | " | | | | | | | | | | old count 177 |
| 169 | 133 | " | | | | | | | | | | old count 177 |
| 170 | 134 | " | | | | | 10 to 32 | | | | | old count 177 |
| 171 | 135 | " | | | | | 10 to 32 | | | | | old count 177 |
| 172 | 136 | " | | | | | | | 4 | 5 to 16 | | old count 177 |
| 173 | 137 | " | | | | | | | 4 | 5 to 16 | | old count 177 |
| 174 | 138 | " | | | | | | | 4 | 5 to 16 | | old count 177 |
| 175 | 139 | " | | | | | | | 4 | 5 to 16 | | old count 177 |
| 176 | 140 | " | | | | | | | 4 | 5 to 16 | | old count 177 |
| 177 | 141 | " | | | | | | | | | | bodily injury, old counts 157-176 |
| 178 | 142 | manual ejaculation | 3 | 10 to 32 | 3 | 10 to 32 | | | | | y | |
| 179 | 143 | | | | | | | | | | | |

## VICTIM = K.R.

| count no. old | new | act | offense: Sexual Assault on a child - pattern | | Sexual Assault on a child - position of trust | | Aggravated Incest | | Second Degree Sexual Assault | | automatic consecutive sentence per 16-11-309 | related cov count |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | class | range | class | range | class | range | class | range | | |
| 180 | 144 | " | | | | | 3 | 4 to 16 | | | | |
| 181 | 145 | induce child prostitution | | | | | | | | | | |

**LEGEND:**

Counts associated with crime of violence count 51, concerning R.R., alleging digital penetration

Counts associated with crime of violence count 67, concerning R.R., alleging manual ejaculation

Counts associated with crime of violence count 88, concerning R.R., alleging acts of oral sex

Counts associated with crime of violence count 141, concerning K.R., alleging digital penetration

Pattern/Position of Trust count pairs

Counts alleging aggravated incest associated with a crime of violence count

Second-degree sexual assault counts associated with a crime of violence count