## No. 16,822.

### HAHN *v.* THE PEOPLE.
(251 P. [2d] 316)

Decided November 24, 1952.

Mr. BRUCE OWNBEY, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. H. LAW-
RENCE HINKLEY, Deputy, Mr. NORMAN H. COMSTOCK,
Assistant, for the people.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the
court.

PLAINTIFF in error was defendant in the trial court
and we will hereinafter so refer to him.

In an information embracing eight counts, defendant
was charged with breaking and entering a motor ve-
hicle; entering a motor vehicle without breaking; grand
larceny; and receiving stolen goods; together with counts
embracing four former convictions of defendant of
felonies in foreign states, and that he had served his
sentence under each conviction. The last four counts were
included in the information to bring the defendant within
the terms of the Habitual Criminal Act of Colorado.

To all counts in the information defendant entered
pleas of not guilty. Upon trial of the substantive of-
fenses charged in the information the jury returned
verdicts of guilty of grand larceny and receiving stolen
goods valued at more than fifty dollars.

Under applicable procedure, and pursuant to our rul-

ings, there then remained for determination the counts of the information relating to the former convictions of defendant, these issues to be determined by the same jury which tried the defendant for the substantive offenses.

Immediately upon the return of the verdicts, and before proceeding with the habitual criminal charges in the case, the record discloses the following proceedings:

"Mr. Ownbey: If the Court please, the Defendant has decided to plead guilty to two counts of the Information, thereby making it unnecessary to hold the jury here further.

"Mr. Rossman: In this matter the District Attorney has heretofore filed four additional counts of the Information, charging the Defendant with being a habitual criminal. The District Attorney at this time, after having conferred with counsel for the Defendant, who, in turn, has conferred with the Defendant personally, has agreed to withdraw Counts 5 and 8 of the Information, with the understanding that the Defendant admits his identity as to Counts 6 and 7. In event these admissions are made by the Defendant, the District Attorney at this time will further ask the Court to strike the conviction just entered by the jury on the count of grand larceny.

"The Court: Leaving just the one count of receiving stolen goods?

"Mr. Rossman: Yes, sir. ·

"The Court: Very well.

"Mr. Rossman: That is the understanding we have in proceeding at this time.

"The Court: Is that your understanding also, Mr. Ownbey?

"Mr. Ownbey: Yes, sir.

"The Court: Rearraign the Defendant, Mr. Clerk, on counts 6 and 7.

"Thereupon the clerk read to the Defendant the sixth count of the Information, and at the conclusion thereof asked the Defendant: 'Are you the person named in the

sixth count of the Information'; to which the defendant answered, 'I am.'

"Thereupon the clerk read to the Defendant the seventh count of the Information, and at the conclusion thereof asked the Defendant: 'Are you the person named in the seventh count of the Information'; to which the Defendant answered, 'I am.'

"The Court: You know the nature of the pleas you have made here?

"The Defendant: Yes, sir, I do.

"The Court: You know the effect of your pleas and the punishment that can be. inflicted on your conviction of receiving stolen goods?

"The Defendant: Yes, I do, Your Honor.

"The Court: The sentence must start at the minimum of ten years, and it can run three times that, which is thirty years.

"The Defendant: Yes, sir.

"The Court: You understand that?

"The Defendant: Yes.

"The Court: You still want to admit your identity in respect to those charges?

"The Defendant: Yes.

"Mr. Rossman: I should like to offer in evidence Exhibits A-1 and A-2, which pertain to the conviction in the State of Wyoming, which is enumerated in Count 6 of the Information.

"The Court: Admitted.

"Mr. Rossman: I should like to offer in evidence at this time what have been marked for identification purposes People's Exhibits A-3 and A-4, which pertain to the conviction in the United States District Court for the District of Colorado, after subsequent commitment to the United States Penitentiary at Leavenworth, Kansas, which pertain to the seventh count of the Information.

"The Court: Admitted.

"Mr. Rossman: With that, the People rest,

"The Court: The Court will order a presentence investigation and report.

"The Defendant: I would like to be sentenced, if possible without that. I know what my presentence report will bring out. I would like to have it over with.

"The Court: I am not sure I have any discretion.

"The Defendant: To me, it is a waste of time. I have been downstairs four months and I would like to get it over with.

"The Court: I think, if you are willing to waive it, or your counsel waive it for you, it can be waived.

"The Defendant: It is a waste of time.

"Mr. Ownbey: Let the record show we waive presentence investigation and report.

"The Court: Mr. Hahn, have you anything to say before sentence is pronounced?

"The Defendant: No, sir.

"The Court: It is the judgment and sentence of the court that the Defendant, Edward Philip Hahn, Jr., be committed to the Penitentiary at Canon City, Colorado, for a period of not less than ten nor more than fifteen years."

Defendant began serving the imposed sentence on December 20, 1950. No motion for a new trial was filed and no writ of error was sued out until after the ruling by the trial court denying defendant's petition filed June 28, 1951 to vacate the sentence imposed. In this petition to vacate the sentence, defendant asserted in substance that the proof offered in connection with the habitual criminal counts, numbered 6 and 7 in the information, was insufficient in that it was not shown that the crimes mentioned in such counts were crimes which, under the laws of Colorado, would have been felonies had they been committed in this state.

In count 6 of the information it was alleged that defendant was convicted in the state of Wyoming of the crime of forgery, "a felony," and served a penitentiary sentence under such conviction. In Count 7 of the in-

formation it was charged that defendant was convicted in the United States District Court for Colorado of "forgery and passing a government check, a felony," and that he served the sentence imposed under such conviction in the United States penitentiary at Leavenworth, Kansas. It will be noted that the crimes mentioned in counts 6 and 7 are forgery. Forgery is a felony in Colorado. Chapter 48, section 130, '35 C.S.A.

From the record made by defendant and his counsel (who not only appears here but represented defendant in the trial court), defendant entered a plea of guilty to counts 6 and 7. His language and that of his counsel clearly led the trial court to the conclusion that defendant was no longer contending with the People with reference to these two counts of the information. That the trial court so construed defendant's actions is obvious from his admonitions and interrogations as hereinabove set forth. Defendant insisted upon immediate sentence, waiving presentence investigation and report, in all of which his counsel concurred.

■ What were the charges specified in counts 6 and 7 of the information? In each instance it was alleged that the crimes of which defendant had been convicted were felonies. Section 1, chapter 114, Session Laws 1945 embraces every felony committed by a defendant here or in a foreign state, and if a felony in the foreign state, it satisfies the statute.

Defendant's counsel contends that all crimes, wherever committed, and regardless of their grade at the situs of the crime must be proven to be felonies if committed within this state. His position is not tenable and is refuted by the very language of the statute under consideration.

■ Holding as we do that the plea of defendant to the habitual criminal counts was in effect a plea of guilty, it follows that defendant pleaded guilty to every fact averred in these counts of the information, and

there is neither law, reason or necessity requiring proof of the things admitted by such plea. *Ed Marx v. People,* 204 Ill. 248, 68 N.E. 436; *People v. O'Brien,* 306 Ill. 340, 137 N.E. 808; *People v. Huber,* 389 Ill. 192, 58 N.E. (2d) 879.

After the term of court had elapsed and some six months had passed following the sentence imposed on defendant, he for the first time raised the issue here presented. His counsel insisted that sentence be imposed following repeated admonitions as to the effect of these admissions and the punishment that might be imposed. Defendant is now in no position to complain. There is no contention that the information was insufficient, or that plaintiff in error was not duly and properly admonished regarding his plea.

The judgment is affirmed.

Mr. Justice Alter dissents.