The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Edwin L. FLAGG, Jr., Defendant–Appellant.

No. 99CA0231.

Colorado Court of Appeals, Div. II.

July 6, 2000.

Certiorari Denied Feb. 20, 2001.

---

** Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, sec. 5(3), and § 24–51–1105, C.R.S.1999.

Ken Salazar, Attorney General, Katherine A. Hansen, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Cynthia Camp, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge NIETO.

Defendant, Edwin L. Flagg, Jr., appeals the order denying his *pro se* motion entitled "Verified Petition for Remedial Writ in the Nature of Habeas Corpus." We affirm.

The parties have treated defendant's motion as one for post-conviction relief. Therefore, we review the merits of the defendant's claims under Crim. P. 35(c). *See Graham v. Gunter,* 855 P.2d 1384 (Colo.1993) (recogniz-

ing that in some circumstances a court may convert a habeas petition into a Crim. P. 35(c) motion when a *pro se* petitioner has asserted claims in a petition for habeas corpus which should have been raised in a Crim. P. 35(c) motion).

In 1993, pursuant to a written plea agreement, defendant pled guilty to one count of sexual assault on a child, a class 4 felony, in exchange for the dismissal of two related charges. The plea agreement provided that the sentence would not exceed a period of four years. The defendant was sentenced to four years in the Department of Corrections (DOC). DOC required the defendant to serve five years of mandatory parole after his release from custody.

## I.

■ Defendant pled guilty to sexual assault on a child occurring "between December 25, 1989, and July 9, 1993." Defendant argues that because his offense could have occurred prior to July 1, 1993, and because the court's sentence imposed discretionary parole pursuant to § 17–22.5–403(5), C.R.S. 1999, he cannot be required to serve a period of mandatory parole beyond the term of the original sentence. He asserts that such a requirement violates the due process and *ex post facto* clauses of the United States and Colorado constitutions. We do not agree.

For offenses committed prior to July 1, 1993, the parole provisions are discretionary. For such offenses, § 17–22.5–403(5), C.R.S. 1999, requires the parole board to "determine whether or not to grant parole and, if granted, the length of the period of parole." If parole is revoked, the offender can be returned to DOC "for any period of time up to the period remaining on such person's sentence." Section 17–22.5–403(6), C.R.S. 1999.

For offenses committed on or after July 1, 1993, the parole provisions are mandatory. Section 18–1–105(1)(a)(V), C.R.S.1999. As to such offenses, if the offender's parole is revoked, the parole board may order the person returned to DOC "for any period of time up to the period remaining on such person's mandatory period of parole." Section 17–22.5.–403(8)(a), C.R.S.1999.

■ A law violates *ex post facto* principles if it imposes punishment for a crime that is more severe than the punishment in effect when the crime was committed. *People v. Gallegos*, 975 P.2d 1135 (Colo.App.1998). Also, if a person committing a crime does not have fair warning of the penalties that may be imposed, other due process rights are implicated. *Gasper v. Gunter*, 851 P.2d 912 (Colo.1993).

■ However, a law does not necessarily violate *ex post facto* principles simply because it operates on some facts which occurred before adoption of the statute. *People v. Bowring*, 902 P.2d 911 (Colo.App. 1995). "A crime is not committed until all the elements are complete.... [A] defendant cannot avoid the application of a law increasing the applicable penalty by committing one element of the crime prior to the increase, and then completing the crime after the change." *People v. Bastian*, 981 P.2d 203, 205 (Colo.App.1998).

Here, by his plea of guilty, defendant admitted the crime occurred "between December 25, 1989, and July 9, 1993", but he argues that it "could have" occurred before July 1, 1993. We are not persuaded.

■ "A plea of guilty is the equivalent of admitting all material facts alleged in the charge." *United States v. Powell*, 159 F.3d 500, 503 (10th Cir.1998) (citations omitted). *See People v. Kyler*, 991 P.2d 810 (Colo.1999) (noting that a guilty plea is a confession that the accused did various acts). A plea of guilty has the same effect as if defendant had been tried before a jury and had been found guilty on evidence covering all the material facts. *United States v. Benson*, 579 F.2d 508 (9th Cir.1978). Further, by pleading guilty, a defendant admits involvement in the crime up to and including the last date alleged in the charge. *United States v. Henson*, 848 F.2d 1374 (6th Cir.1988).

Having admitted that the crime occurred between certain dates, the defendant cannot now claim otherwise. Therefore, we must assume the crime was not completed until after July 1, 1993, and thus, it does not

violate due process or *ex post facto* principles to apply the mandatory parole law which became effective on July 1, 1993.

## II.

The defendant next asserts that the rule of lenity must be applied since the charged offense falls under two different parole laws. We do not agree.

The rule of lenity requires that penal statutes be strictly construed in favor of the accused. This rule applies to sentencing statutes. *See People v. District Court,* 713 P.2d 918 (Colo.1986). However, "the rule of lenity does not stand for the proposition that a court must show 'leniency.' Rather, it is a rule of statutory construction to be used when a statute is ambiguous." *People v. Jones,* 990 P.2d 1098, 1103 (Colo.App. 1999).

Here, the parole requirement in effect at the time defendant's crime was completed on July 9, 1993, is unambiguously set forth at § 18–1–105(1)(a)(V). Hence, there is no ambiguity, and the rule of lenity has no application.

## III.

Defendant also asserts that he was inadequately advised of the consequences of mandatory parole, and therefore, his plea was involuntary. We are not persuaded.

Defendant signed a written plea agreement in which he stated that he understood the possible penalties for this offense. That agreement advised him of the following: "In addition to said terms of incarceration, defendant could possibly serve a period of parole not to exceed five years if parole is applied for and granted pursuant to 1973 C.R.S. 17–22.5–303(6)." At the providency hearing, the court also advised defendant that he could be required to serve a period of parole not to exceed five years in addition to a term of incarceration.

A proper advisement concerning mandatory parole must include the length of parole and inform defendant that parole is in addition to, or distinct from, any period of imprisonment. *Craig v. People,* 986 P.2d 951

(Colo.1999). The advisement given to the defendant meets these criteria and therefore was adequate.

The use of the term "possibly" is not consistent with the mandatory nature of parole; however, it does not render the advisement fatally defective. In *Craig,* the supreme court held the following language to be sufficient to advise defendant of the mandatory parole requirement: "I know that I could be required to serve up to five years on parole after serving a sentence." *Craig v. People, supra,* 986 P.2d at 957. The words "could be required to serve" and the words here, "could possibly serve" have an identical meaning.

Also, the words, "if parole is applied for," and the incorrect statute citation used here neither enhance nor detract from the critical factors in the advisement. No script or formula is required so long as the advisement adequately informs defendant of the mandatory parole requirement. *Craig v. People, supra.*

The purpose of advising defendant concerning possible penalties is to allow him to make an intelligent choice whether or not to plead guilty and voluntarily subject himself to the possible penalties. Crim. P. 11. Here, defendant was advised that he could be required to serve five years of parole following any period of incarceration. He voluntarily chose to accept that risk, and cannot now complain when the risk has become a reality.

Therefore, we conclude that defendant was adequately advised concerning the requirement of parole following his incarceration.

## IV.

Finally, defendant asserts that the court erred by failing to conduct an evidentiary hearing on his motion and to appoint counsel to represent him. We are not persuaded.

The court is not required to conduct a hearing if the motion, files, and the record clearly establish that the defendant is not entitled to relief. *People v. Hartkemeyer,* 843 P.2d 92 (Colo.App.1992). Here, docu-

ments in the court's file and the record of the proceedings in which defendant entered his plea of guilty establish that he was not entitled to the relief requested. Therefore, the court did not err by summarily denying the motion.

Accordingly, the order denying defendant's motion for post-conviction relief is affirmed.

Judge PLANK and Judge TAUBMAN concur.