FILED
United States Court of Appeals
Tenth Circuit

August 19, 2008

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

ALFREDO TORRES-ROMERO, also
known as Jose Lopez-Vergara,

        Defendant - Appellant.

No. 07-1421

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. NO. 07-CR-80-REB)**

---

Vicki Mandell-King, Assistant Federal Public Defender (Raymond P. Moore,
Federal Public Defender, with her on the briefs), Denver, Colorado, for
Defendant-Appellant.

John M. Hutchins, Assistant United States Attorney (Troy Eid, United States
Attorney, and Brenda Taylor, Assistant United States Attorney, with him on the
brief), Denver, Colorado, for Plaintiff-Appellee.

---

Before **MURPHY**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

**MURPHY**, Circuit Judge.

---

## I.    Introduction

Alfredo Torres-Romero appeals the district court's application of a sixteen-level enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(A), arguing the government failed to meet its burden of proving his prior state conviction was a "drug trafficking offense." We conclude the district court did not err because Torres-Romero's 1990 Colorado guilty plea admitted all of the material facts in the charging information, including that he distributed and sold a controlled substance. Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we affirm the sentence imposed by the district court.

## II.    Background

Torres-Romero pleaded guilty to illegally reentering the United States following a prior deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). Prior to his sentencing hearing, Torres-Romero objected to a sixteen-level enhancement, under U.S.S.G. § 2L1.2(b)(1)(A), for committing a prior drug trafficking offense. The basis for the enhancement was a 1990 guilty plea for violating Colorado Revised Statute § 18-18-105 (1990) (repealed 1992 and re-designated as § 18-18-405), which criminalized unlawful distribution, manufacturing, dispensing, sale, or possession of a controlled substance for which Torres-Romero was sentenced to five years' imprisonment. At the sentencing hearing, the government offered two pieces of evidence to support the sixteen-level enhancement: the information, charging Torres-Romero with violating

§ 18-18-105, and the judgment of conviction. The Colorado information charged Torres-Romero as follows:

> Alfredo Romero-Torres did unlawfully, feloniously, and knowingly ~~manufacture~~, ~~dispense~~, sell, and distribute, with or without remuneration, and possess a Schedule III controlled substance, to wit: Lysergic Acid . . . .

The words "manufacture" and "dispense" were scored, as depicted above. The judgment, however, included the words "manufacturing" and "dispensing." The judgment stated Torres-Romero had pleaded guilty to "Count Three: Unlawful Distribution, Manufacturing, Dispensing, Sale & Possession of Controlled Substance." The government was unable to produce a Colorado plea agreement.

Torres-Romero argued, based on the information and the judgment, it was impossible to discern whether he had been convicted of simple possession or a drug trafficking offense. The district court, confining its review to the information and judgment, overruled Torres-Romero's objection. The court stated because Torres-Romero had been charged and convicted in the conjunctive, a "fair reading of both Count 3 of the Information and the concomitant judgment of conviction convinces me that he was convicted of a drug-trafficking offense within the meaning of guideline Section 2L1.2(b)(1)(A)." R. Vol. III at 12. The court applied the § 2L1.2(b)(1)(A) enhancement, but granted Torres-Romero a downward departure and imposed a term of forty-one months' imprisonment.

## III. Analysis

"We review de novo a district court's determination that a prior offense is a crime that can trigger a sentence enhancement under U.S.S.G. § 2L1.2(b)." *United States v. Maldonado-Lopez*, 517 F.3d 1207, 1208 (10th Cir. 2008) (quotation omitted). The Guidelines define "drug trafficking offense" as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or counterfeit substance) or the possession of a controlled substance (or counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2(b)(1) cmt. n.1(B)(iv). Simple possession is not a drug trafficking offense. *See United States v. Herrera-Roldan*, 414 F.3d 1238, 1244 (10th Cir. 2005).

When a defendant contests whether his prior conviction constitutes a drug trafficking offense the sentencing court is generally required to follow the categorical approach adopted in *Taylor v. United States*, 495 U.S. 575, 600-02 (1990), and *Shepard v. United States*, 544 U.S. 13, 25-26 (2005). *See Herrera-Roldan*, 414 F.3d at 1240. Under the categorical approach, our review of Torres-Romero's Colorado conviction is confined "to the terms of the statute of conviction." *Id.* at 1241. We may draw no inferences from the defendant's underlying conduct. *Id.* at 1240-41; *see also Taylor*, 495 U.S. at 600 (explaining under the categorical approach a court may "look[] only to the statutory

-4-

definitions of the prior offenses, and not to the particular facts underlying those convictions"). When an examination of the statute, however, reveals that it "reaches a broad range of conduct, some of which merits an enhancement and some of which does not, courts resolve the resulting ambiguity by consulting reliable judicial records, such as the charging document, plea agreement, or plea colloquy." *United States v. Martinez-Hernandez*, 422 F.3d 1084, 1086 (10th Cir. 2005). This is commonly referred to as the modified categorical approach. *United States v. Romero-Hernandez*, 505 F.3d 1082, 1086 (10th Cir. 2007). Under this modified approach, "the court may examine judicial records in order to determine which part of the statute was charged against the defendant and, thus, which portion of the statute to examine on its face." *United States v. Zuniga-Soto*, 527 F.3d 1110, 1121 (10th Cir. 2008) (quotations omitted). As we recently explained, "this examination does not entail a subjective inquiry as to whether the particular factual circumstances underlying the conviction satisfy the criteria of the enhancement provision." *Id.* (quotation omitted). It is the government's burden to establish the enhancement applies by a preponderance of the evidence. *United States v. Martinez-Villalva*, 232 F.3d 1329, 1333 (10th Cir. 2000).

The parties agree that the Colorado statute, § 18-18-105, reached a broad range of conduct, some of which constituted a "drug trafficking offense," but also simple possession, which did not. Thus, our task is to determine whether the

information and judgment establish by a preponderance of the evidence that Torres-Romero was convicted of a drug trafficking offense.

Torres-Romero argues that the government failed to meet its burden. He asserts neither the information nor the judgment prove that he was convicted of a drug trafficking offense. First, he contends that the use of the conjunctive in the judicial documents is meaningless, as it overlooks the fact that such documents are routinely written in the conjunctive, but do not require the government to prove every method of violating the statute.[1] *See United States v. Powell*, 226 F.3d 1181, 1192 n.4 (10th Cir. 2000) (explaining "it is hornbook law that a crime denounced in the statute disjunctively may be alleged in an indictment in the conjunctive, and thereafter proven in the disjunctive." (quotation omitted)). Second, Torres-Romero points to the alternations in the information, striking the terms "manufacture" and "dispense." Although he was not charged with these two methods of violating the statute, they are included in the judgment. Thus, Torres-Romero argues the judgment, including the terms stricken in the information, merely establishes that he was convicted under the statute, but not

---

[1]Colorado Statute § 18-18-105 was composed in the disjunctive, rather than the conjunctive. It stated:

> . . . it is unlawful for any person knowingly to manufacture, dispense, sell, or distribute, with or without remuneration, to possess, or to possess with intent to manufacture, dispense, sell, or distribute, with or without remuneration, a controlled substance . . . .

that he was specifically convicted of the drug trafficking portions of the statute, as opposed to simple possession.

The language in the judgment, using the terms "manufacturing" and "dispensing," does suggest that the judgment was parroting the title of the statute to which Torres-Romero pleaded guilty. This, however, is not the end of the our analysis. The Supreme Court, in *United States v. Broce*, 488 U.S. 563, 569 (1989), explained "[a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." This court has therefore concluded that "a defendant who makes a counseled and voluntary guilty plea admits both the acts described in the indictment and the legal consequences of those acts." *United States v. Allen*, 24 F.3d 1180, 1183 (10th Cir. 1994); *see also United States v. Brown*, 164 F.3d 518, 521 (10th Cir. 1998) (explaining an "unconditional plea admit[s] all material allegations *already contained* in the [] indictment"). The effect of a guilty plea in Colorado is no different.[2] *See Hahn v. People*, 251 P.2d 316, 318

---

[2]We agree with the dissent that the proper approach is to focus on the effect of the guilty plea in the state of conviction. *See United States v. Morales-Martinez*, 496 F.3d 356, 359 (5th Cir. 2007). The Fifth Circuit interpreted the effect of a Texas guilty plea to admit "only those facts needed to support a conviction." *Id.* Applying the categorical approach, it held the sixteen-level enhancement was improper because "neither the statutory language nor the charging document necessitates a finding that [the defendant] committed a drug trafficking offense." *Id.* at 360. In this case, however, Colorado follows a different approach. The effect of a guilty plea is not so narrow. *See Hahn v.*

(continued...)

(Colo. 1952) (holding the effect of the guilty plea is to "plead[] guilty to every fact averred in the[] . . . information"); *see also People v. Zuniga*, 80 P.3d 965, 970 (Colo. Ct. App. 2003) (explaining guilty plea admits all material facts alleged in the information); *People v. Flagg*, 18 P.3d 792, 794 (Colo. Ct. App. 2000) (same).[3]

In *United States v. Hill*, 53 F.3d 1151 (10th Cir. 1995) (en banc), this court addressed an argument analogous to Torres-Romero's in the context of the Armed Career Criminal Act ("ACCA"). The defendant was charged with violating 18 U.S.C. § 922(g)(1), felon in possession of a firearm. *Id.* at 1152. The government sought an enhancement pursuant to the ACCA based on one prior

---

[2](...continued)
*People*, 251 P.2d 316, 318 (Colo. 1952). Thus, we agree with the overarching approach advocated for by the dissent, but cannot subscribe to its interpretation of Colorado law.

[3]*Flagg* also states that a guilty plea "has the same effect as if a defendant had been tried before a jury and had been found guilty on evidence covering all the material facts." 18 P.3d at 794. The dissent interprets this language as support for its position that a guilty plea only admits the facts necessary to sustain a conviction. Instead, the language has been repeated by the Colorado courts for the proposition that the acceptance of a guilty plea acts as a conviction for the offense. *See* Colo. Rev. Stat. § 16-7-206(3); *Juhl v. People*, 172 P.3d 896, 900 (Colo. 2007). This is not the same as only admitting the essential elements necessary to sustain a conviction. *See Flagg*, 18 P.3d at 794-95 (explaining guilty plea admitted all material facts, which included facts not essential to the conviction). Although a jury verdict need not be based upon a finding beyond what is essential to the verdict, a guilty plea under Colorado law is a response to the charging document, an admission to what is charged. The dissent reads the information as charging Torres-Romero in the alternative rather than recognize the defendant pleaded guilty to simple possession *and* the drug trafficking offenses of selling and distributing a controlled substance.

second degree burglary and two robbery convictions. *Id.* The defendant objected

to the use of the burglary conviction, arguing it was not a violent felony under the

ACCA. *Id.* Under Oklahoma law, second degree burglary is broader than generic

burglary, and thus, the government was required to prove the defendant had

committed generic burglary for the conviction to provide a basis for the

enhancement under the ACCA. *Id.* at 1153. Like this case, the government did

not offer evidence of a plea agreement for the prior state conviction, but

introduced the charging information and judgment. *Id.* at 1154. The information

alleged that the defendant:

> unlawfully, wrongfully, wilfully, feloniously and burglariously in the
> night time, [broke] and enter[ed] into a certain building . . . owned
> by and in possession of STANDARD MOTOR SUPPLY in which
> building personal property of value was kept and contained, by
> breaking open the outer skylight of the said building, and entering
> the said building without the consent of said owner, with the wilful
> and felonious intent to steal said property.

*Id.* The judgment merely stated the defendant was convicted of "second degree

burglary." *Id.* The defendant argued that his guilty plea was an admission that he

committed second degree burglary under Oklahoma law and not that he

committed the specific acts in the information. *Id.* Sitting en banc, this court

resolved that the "burglary information included all of the elements of a *Taylor*

burglary because it alleged that Defendant unlawfully entered into a building with

the intent to commit a crime." *Id.* at 1155. "By pleading guilty, Defendant

admitted that he did the discrete acts described in the indictment." *Id.* (quotation and alteration omitted).

Torres-Romero's argument fails for the same reasons. He too "admitted all the well-pleaded facts in the indictment by pleading guilty." *Hill*, 53 F.3d at 1155. Although his admissions did not include "manufacture" or "dispense," as these were crossed out, they did include all other material facts in the indictment. By entering an unconditional guilty plea, Torres-Romero admitted he "did unlawfully, feloniously, and knowingly sell, and distribute, with or without remuneration, and possess a . . . controlled substance," as set out in the information. Selling and distributing a controlled substance clearly fall within the Guidelines' definition of a drug trafficking offense. U.S.S.G. § 2L1.2(b)(1) cmt. n.1(B)(iv) (defining drug trafficking offense to include an offense prohibiting, *inter alia*, the distribution of a controlled substance). As a consequence, the district court did not err in concluding Torres-Romero's prior Colorado conviction was a drug trafficking offense and applying the sixteen-level enhancement, pursuant to § 2L1.2(b)(1)(A).

## IV. Conclusion

For the foregoing reasons, we **affirm** the district court.

07-1421 - *United States v. Torres-Romero*

**HARTZ**, Circuit Judge, dissenting:

I respectfully dissent. In my view, additional evidence, such as an admission in a plea agreement or during a plea colloquy in the Colorado proceedings, would be necessary to establish that Mr. Torres-Romero's Colorado conviction was for a drug-trafficking offense. I am unwilling to assume that when a defendant in Colorado state court pleads guilty to an information (or indictment) that conjunctively charges several means of committing the same statutory offense, the defendant necessarily admits having committed the offense by each of those alternative means. As I understand Colorado law, a guilty plea to an information establishes no more than would a jury's guilty verdict after trial on the information. Yet if a jury had returned a guilty verdict on the information against Mr. Torres-Romero, we could infer only that he had committed the offense by one of the alternative means of violating the statute. It would be surprising to me if a judge would reject a guilty plea to the same information if the defendant admitted to only one of the alternatives. The majority opinion cites no supporting authority, from any jurisdiction, that addresses this specific situation—a guilty plea to an information that charges in the conjunctive several means of committing the same statutory offense. The one case in point that I have found (a federal case interpreting Texas law) reaches a different conclusion than the majority opinion does. And Colorado law also seems to suggest that

different conclusion. At the least, I think that we should certify the question to the Colorado Supreme Court to obtain a definitive ruling.

The information filed against Mr. Torres-Romero charged a violation of Colo. Rev. Stat. Ann. § 18-18-105, which, among other things, makes it "unlawful for any person knowingly to manufacture, dispense, sell, or distribute, with or without remuneration, to possess, or to possess with intent to manufacture, dispense, sell, or distribute, with or without remuneration, a controlled substance." Thus, there are a variety of ways to violate the statute. As is common, the information charged Mr. Torres-Romero in the conjunctive, alleging that he "did unlawfully, feloniously, and knowingly manufacture, dispense, sell and distribute, with or without remuneration, and possess a Schedule III controlled substance." The words *manufacture* and *dispense*, however, were at some point (the record does not tell us when) struck through. Mr. Torres-Romero pleaded guilty to the information, and the judgment of conviction states that he pleaded guilty to "UNLAWFUL DISTRIBUTION, MANUFACTURING, DISPENSING, SALE & POSSESSION OF CONTROLLED SUBSTANCE C.R.S. 1973 (as amended) 18-18-105." It is undisputed that a jury could have convicted Mr. Torres-Romero on the charge in the information if it found only that he had possessed a controlled substance. *See People v. Viduya*, 703 P.2d 1281, 1292–93 (Colo. 1985) (en banc). It is also undisputed that if Mr. Torres-Romero's crime was only possession of a controlled substance, then the offense was not a "drug

-2-

trafficking offense" under USSG § 2L1.2(b), and the increase in his offense level was improper.

The majority opinion asserts, however, that Mr. Torres-Romero's guilty plea admitted that he not only possessed a controlled substance, but also sold and distributed a controlled substance, as charged in the information. I disagree.

To begin with, the authority relied upon by the majority opinion is not on point. I will first discuss the federal cases. The quoted statement from *United States v. Broce,* 488 U.S. 563, 569 (1989)—"[a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence"—is perfectly consistent with the view that Mr. Torres-Romero's plea may have admitted only possession of a controlled substance, because such an admission would have been a sufficient factual basis "to sustain a binding, final judgment of guilt and a lawful sentence." And the actual holding in *Broce* is of no help to the majority opinion. The Supreme Court held that a defendant who had pleaded guilty to two conspiracy charges could not collaterally attack the convictions by trying to prove that the two conspiracies were actually the same conspiracy and that therefore the convictions violated the Double Jeopardy Clause. *See id.* at 569–74. That holding does not speak to the issue before us.

-3-

In *United States v. Allen*, 24 F.3d 1180 (10th Cir. 1994), we stated: "[A] defendant who makes a counseled and voluntary guilty plead admits both the acts described in the indictment and the legal consequences of those acts." *Id.* at 1183 (footnote omitted). Again, however, the issue in that case was nothing like the one here. Our holding, following *Broce*, was simply that the defendant's guilty plea forfeited his claim, raised for the first time on appeal, that the statute under which he was charged was unconstitutionally vague. *See id.* at 1182–93. Another cited case, *United States v. Brown,* 164 F.3d 518, 521 (10th Cir. 1998), is also inapposite; our holding was only that the defendant's guilty plea necessarily admitted the jurisdictional element of the indictment—namely, that the offense occurred in Utah. Unlike the situation in this case, in which the question is whether the defendant admitted to more means of committing the offense than necessary to sustain the charge, the plea in *Brown* would not have been valid without admission of the jurisdictional element.

*United States v. Hill*, 53 F.3d 1151 (10th Cir. 1995) (en banc), is more relevant but still readily distinguishable. The question in *Hill* was whether the defendant's prior Oklahoma conviction of burglary was for generic burglary, as required for a sentencing enhancement under the Armed Career Criminal Act. Generic burglary is "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). The Oklahoma burglary statute encompassed entry

-4-

into buildings and structures but also entry into automobiles, vending machines, etc. The information to which the defendant had pleaded, however, alleged that he had entered a building owned and possessed by a specific company. We held that the plea admitted entry into a building, so the Oklahoma offense was generic burglary. To be sure, the defendant need not have entered that particular building to have committed the offense. But he must have entered something. And if the Oklahoma court required a factual basis for the defendant's plea, it is eminently proper to presume that the thing he admitted entering was the building set forth in the information. Certainly, if the defendant had been convicted by a jury on that information, we would conclude that the jury had found that he had entered a building. *See Shepard v. United States*, 544 U.S. 13, 20 (2005) (generic burglary can be established by charging document on which defendant was convicted by jury). But that is very different from presuming that if a defendant pleads guilty to an indictment charging, say, manufacturing and distributing drugs, then he must have admitted both manufacturing and distributing. Either act—manufacturing or distributing—would suffice to sustain the charge. The defendant would have to admit to one, but not both. If a defendant were convicted by a jury under that indictment, we all agree that we could not conclude that the jury had found that he had manufactured drugs, because the verdict could have been sustained by a finding that he had distributed them. *See United States v. Gonzales*, 484 F.3d 712, 715 (5th Cir. 2007). *Hill*, in agreement with the

-5-

Supreme Court's later opinion in *Shepard*, permits a court to look to the charging document to flesh out the charge beyond the bare requirements of the statute; but it does not go so far as the majority opinion would have it. In short, *Hill* is consistent with my view because it treats a guilty plea as establishing the same facts as would a jury verdict on the same charge. In this case, however, the majority opinion would treat a guilty plea as establishing more than would a jury verdict on the information filed against Mr. Torres-Romero.

Moreover, whatever the above cases say about federal or Oklahoma practice, I know of no fundamental principle that requires a jurisdiction (in this case, Colorado) to hold that when a defendant pleads guilty to an information or indictment charging the violation of a statute by several alternative means alleged in the conjunctive, the defendant admits to committing the offense by all the alternative means set forth. If that were the case, then a judge could not properly accept a guilty plea to such a charge unless the defendant admitted committing the offense by all such means. But would a judge in every jurisdiction really be required (by what doctrine?) to reject a guilty plea to, say, a charge of "manufacturing and distributing cocaine" if the defendant admitted to distributing but denied manufacturing?

I think the proper approach is that of the Fifth Circuit's recent decision in *United States v. Morales-Martinez*, 496 F.3d 356 (2007), which looked to the law

of the jurisdiction where the guilty plea in question had been taken.  As in our case, (1) the defendant had pleaded guilty to unlawfully reentering the United States, in violation of 8 U.S.C. § 1326(a); and (2) in computing his offense level under USSG § 2L1.2, the district court had determined that he had committed a drug-trafficking offense.  He had a prior conviction in Texas state court for delivering cocaine.  The Texas statute, however, defined delivery to include an offer to sell, and the Fifth Circuit had previously ruled that an offer to sell drugs is not a drug-trafficking offense.  Therefore, the sentencing court could not assume that defendant's prior offense was a drug-trafficking offense and would have to determine whether the specific offense to which the defendant had pleaded met the definition of a drug-trafficking offense.  The Texas indictment alleged that the defendant had "'actually transfer[red], constructively transfer[red], *and* offer[ed] to sell a controlled substance, to wit:  COCAINE.'"  *Id.* at 358.  The government argued that the defendant's guilty plea was an admission "that he both transferred *and* offered to sell cocaine."  *Id.*  The Fifth Circuit disagreed.  After noting that statements in federal appellate decisions suggested a split of authority, it said that it must look to the law of the jurisdiction where the plea was entered.  As it interpreted Texas law, the defendant's plea could have been sustained if he had admitted only offering to sell cocaine.  Because there was nothing else in the record to show what the

defendant had admitted, the court held that the defendant's offense level could not be increased for commission of a drug-trafficking offense. *Id.* at 359–61.

Following the Fifth Circuit's approach, this court should determine what Colorado law says about what Mr. Torres-Romero admitted by pleading guilty. The majority opinion cites two Colorado Court of Appeals' opinions to support its view. But neither *People v. Zuniga*, 80 P.3d 965 (Colo. Ct. App. 2003), nor *People v. Flagg*, 18 P.3d 792 (Colo. Ct. App. 2000), involved our situation: *Zuniga* held merely that the defendant's guilty plea waived his claim on appeal "that the property was not stolen or that he did not retain it through the date alleged in the information." 80 P.3d at 970. And *Flagg* held that a guilty plea admits involvement in a crime up to the last date stated in the charge. *See* 18 P.3d at 794–95. Indeed, in my view the language from *Flagg* quoted by the majority opinion (and endorsed by the Colorado Supreme Court in *Juhl v. People*, 172 P.3d 896, 900 (2007)) is more supportive of my position than the majority's. *Flagg* said, "A plea of guilty has the same effect as if defendant had been tried before a jury and had been found guilty on evidence covering all the material facts." *Id*. at 794. This suggests that a plea to an indictment establishes the same facts—no more, no less—than would be established by a jury verdict of guilty after a trial on the same indictment. That reading of *Flagg* would lead to the results that were reached in *Zuniga* and *Flagg*. And it would also lead to the result I would reach in this case.

-8-

The majority opinion also claims support from *Hahn v. People*, 251 P.2d 316 (Colo. 1952). In that case the defendant pleaded guilty to a habitual-criminal information alleging prior felonies that would increase his sentence on a charge on which he had been convicted by a jury. He then moved to vacate his sentence on the ground that the prior felonies did not constitute felonies under Colorado law. The court held that the motion was barred by his guilty plea. It wrote,

> Holding as we do that the plea of defendant to the habitual criminal counts was in effect a plea of guilty, it follows that defendant pleaded guilty to every fact averred in these counts of the information, and there is neither law, reason, or necessity requiring proof of the things admitted by such plea.

*Id*. at 318. In the context of that case, the statement was quite uncontroversial. But the majority opinion would extrapolate to a new context the language that a guilty plea "plead[s] guilty to every fact averred in . . . the information" and infer that a plea necessarily is an admission of each alternative means of committing the offense that is set forth conjunctively in the information. I disagree. We should not treat language in an opinion as a verbal formula into which we enter the data from any possible case that could fit the language and then recite the answer. Judging is not such a mechanical task. Language in our opinions must be read in context. We can be certain that the *Hahn* court did not have in mind the situation presented on this appeal. General language that works almost all the time may not be applicable in circumstances that were not envisaged when the

language was written.  One example may suffice to prove the point.  Perhaps the most frequently stated proposition of law in our opinions is that "we review the district court's grant of summary judgment *de novo*, applying the same standard used by the district court."  *Johnson v. Riddle*, 443 F.3d 723, 724 (10th Cir. 2006).  That statement is correct in most circumstances, and virtually every reader finds it completely acceptable; but it is wrong in one important context:  If the district court applied the incorrect standard, we are not bound to apply the "same standard."  When the district court has so erred, "we . . . apply the summary judgment standard that *should have been applied* by the district court."  *Id.* at 725 n.1 (internal quotation marks omitted) (emphasis added).  With that example in mind, I would not read into *Hahn* nearly as much as does the majority opinion.

Contrary to the majority opinion, I would interpret Colorado law to be that Mr. Torres-Romero's guilty plea admitted only that he had committed the statutory offense in at least one (not necessarily all) of the alternative ways set forth conjunctively in the information.  After all, the current formulation of the general rule in Colorado is that "[a] plea of guilty has the same effect as if defendant had been tried before a jury and had been found guilty on evidence covering all the material facts."  *Flagg*, 18 P.3d at 794.  In other words, what is factually admitted by a guilty plea is the same as what is established by a jury verdict on the same charge.  Because a jury verdict establishes only that the defendant committed the offense by one (not necessarily all) of the means stated

-10-

conjunctively in the information, *see Viduya*, 703 P.2d at 1292–93, a guilty plea establishes no more than that.

In addition, Colorado Criminal Rule 11(b)(6) states that the court shall not accept a guilty plea without determining that "there is a factual basis for the plea," unless the defendant pleas under a plea agreement and waives this requirement. A practice guide explains, "The record is sufficient to sustain a plea of guilty if the facts show that the defendant's conduct and state of mind are sufficient to have concluded that the defendant is guilty of the charge." 15 Robert J. Dieter, Colorado Criminal Practice and Procedure § 15.40 (2d ed. 2008). I would infer from this statement that the judge will accept a plea if the defendant admits, or the State proffers evidence, that he has committed acts that would constitute a violation of the statute. Accordingly, the defendant need admit only one of the multiple means of committing an offense alleged conjunctively in an indictment or information. The analysis in this paragraph is essentially the same that the Fifth Circuit employed in *Morales-Martinez* to conclude that a Texas guilty plea admits only one of the alternative means of committing an offense charged conjunctively. *See* 496 F.3d at 359–60. I would follow that court's lead and reach the same conclusion here—that the government has not established that Mr. Torres-Romero committed a drug-trafficking offense. But even if the matter is questionable, I would certify the issue to the Colorado Supreme Court rather than affirming the sentence below.