HARTZ, Circuit Judge,
dissenting:
I respectfully dissent. In my view, additional evidence, such as an admission in a plea agreement or during a plea colloquy in the Colorado proceedings, would be necessary to establish that Mr. Torres-Romero’s Colorado conviction was for a drug-trafficking offense. I am unwilling to assume that when a defendant in Colorado state court pleads guilty to an information (or indictment) that conjunctively charges several means of committing the same statutory offense, the defendant necessarily admits having committed the offense by each of those alternative means. As I understand Colorado law, a guilty plea to an information establishes no more than would a jury’s guilty verdict after trial on *1161 the information. Yet if a jury had returned a guilty verdict on the information against Mr. Torres-Romero, we could infer only that he had committed the offense by one of the alternative means of violating the statute. It would be surprising to me if a judge would reject a guilty plea to the same information if the defendant admitted to only one of the alternatives. The majority opinion cites no supporting authority, from any jurisdiction, that addresses this specific situation — a guilty plea to an information that charges in the conjunctive several means of committing the same statutory offense. The one case in point that I have found (a federal case interpreting Texas law) reaches a different conclusion than the majority opinion does. And Colorado law also seems to suggest that different conclusion. At the least, I think that we should certify the question to the Colorado Supreme Court to obtain a definitive ruling.
The information filed against Mr. Torres-Romero charged a violation of Colo. Rev.Stat. Ann. § 18-18-105, which, among other things, makes it “unlawful for any person knowingly to manufacture, dispense, sell, or distribute, with or without remuneration, to possess, or to possess with intent to manufacture, dispense, sell, or distribute, with or without remuneration, a controlled substance.” Thus, there are a variety of ways to violate the statute. As is common, the information charged Mr. Torres-Romero in the conjunctive, alleging that he “did unlawfully, feloniously, and knowingly manufacture, dispense, sell and distribute, with or without remuneration, and possess a Schedule III controlled substance.” The words manufacture and dispense, however, were at some point (the record does not tell us when) struck through. Mr. Torres-Romero pleaded guilty to the information, and the judgment of conviction states that he pleaded guilty to “UNLAWFUL DISTRIBUTION, MANUFACTURING, DISPENSING, SALE & POSSESSION OF CONTROLLED SUBSTANCE C.R.S.1973 (as amended) 18-18-105.” It is undisputed that a jury could have convicted Mr. Torres-Romero on the charge in the information if it found only that he had possessed a controlled substance. See People v. Viduya, 703 P.2d 1281, 1292-93 (Colo.1985) (en banc). It is also undisputed that if Mr. Torres-Romero’s crime was only possession of a controlled substance, then the offense was not a “drug trafficking offense” under USSG § 2L1.2(b), and the increase in his offense level was improper.
The majority opinion asserts, however, that Mr. Torres-Romero’s guilty plea admitted that he not only possessed a controlled substance, but also- sold and distributed a controlled substance, as charged in the information. I disagree.
To begin with, the authority relied upon by the majority opinion is not on point. I will first discuss the federal cases. The quoted statement from United States v. Broce, 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989) — “[a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence” — is perfectly consistent with the view that Mr. Torres-Romero’s plea may have admitted only possession of a controlled substance, because such an admission would have been a sufficient factual basis “to sustain a binding, final judgment of guilt and a lawful sentence.” And the actual holding in Broce is of no help to the majority opinion. The Supreme Court held that a defendant who had pleaded guilty to two conspiracy charges could not collaterally attack the convictions by trying to prove that the two conspiracies were actually the same conspiracy and that therefore the convictions violated the Double Jeopardy Clause. See *1162 id. at 569-74, 109 S.Ct. 757. That holding does not speak to the issue before us.
In United States v. Allen, 24 F.3d 1180 (10th Cir.1994), we stated: “[A] defendant who makes a counseled and voluntary guilty plead admits both the acts described in the indictment and the legal consequences of those acts.” Id. at 1183 (footnote omitted). Again, however, the issue in that case was nothing like the one here. Our holding, following Broce, was simply that the defendant’s guilty plea forfeited his claim, raised for the first time on appeal, that the statute under which he was charged was unconstitutionally vague. See id. at 1182-93. Another cited case, United States v. Brown, 164 F.3d 518, 521 (10th Cir.1998), is also inapposite; our holding was only that the defendant’s guilty plea necessarily admitted the jurisdictional element of the indictment — namely, that the offense occurred in Utah. Unlike the situation in this case, in which the question is whether the defendant admitted to more means of committing the offense than necessary to sustain the charge, the plea in Brown would not have been valid without admission of the jurisdictional element.
United States v. Hill, 53 F.3d 1151 (10th Cir.1995) (en banc), is more relevant but still readily distinguishable. The question in Hill was whether the defendant’s prior Oklahoma conviction of burglary was for generic burglary, as required for a sentencing enhancement under the Armed Career Criminal Act. Generic burglary is “unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.” Taylor v. United States, 495 U.S. 575, 599, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). The Oklahoma burglary statute encompassed entry into buildings and structures but also entry into automobiles, vending machines, etc. The information to which the defendant had pleaded, however, alleged that he had entered a building owned and possessed by a specific company. We held that the plea admitted entry into a building, so the Oklahoma offense was generic burglary. To be sure, the defendant need not have entered that particular building to have committed the offense. But he must have entered something. And if the Oklahoma court required a factual basis for the defendant’s plea, it is eminently proper to presume that the thing he admitted entering was the building set forth in the information. Certainly, if the defendant had been convicted by a jury on that information, we would conclude that the jury had found that he had entered a building. See Shepard v. United States, 544 U.S. 13, 20, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (generic burglary can be established by charging document on which defendant was convicted by jury). But that is very different from presuming that if a defendant pleads guilty to an indictment charging, say, manufacturing and distributing drugs, then he must have admitted both manufacturing and distributing. Either act — manufacturing or distributing' — would suffice to sustain the charge. The defendant would have to admit to one, but not both. If a defendant were convicted by a jury under that indictment, we all agree that we could not conclude that the jury had found that he had manufactured drugs, because the verdict could have been sustained by a finding that he had distributed them. See United States v. Gonzales, 484 F.3d 712, 715 (5th Cir.2007). Hill, in agreement with the Supreme Court’s later opinion in Shepard, permits a court to look to the charging document to flesh out the charge beyond the bare requirements of the statute; but it does not go so far as the majority opinion would have it. In short, Hill is consistent with my view because it treats a guilty plea as establishing the same facts as would a jury verdict on the same charge. In this case, however, the majori *1163 ty opinion would treat a guilty plea as establishing more than would a jury verdict on the information filed against Mr. Torres-Romero.
Moreover, whatever the above cases say about federal or Oklahoma practice, I know of no fundamental principle that requires a jurisdiction (in this case, Colorado) to hold that when a defendant pleads guilty to an information or indictment charging the violation of a statute by several alternative means alleged in the conjunctive, the defendant admits to committing the offense by all the alternative means set forth. If that were the case, then a judge could not properly accept a guilty plea to such a charge unless the defendant admitted committing the offense by all such means. But would a judge in every jurisdiction really be required (by what doctrine?) to reject a guilty plea to, say, a charge of “manufacturing and distributing cocaine” if the defendant admitted to distributing but denied manufacturing?
I think the proper approach is that of the Fifth Circuit’s recent decision in United States v. Morales-Martinez, 496 F.3d 356 (2007), which looked to the law of the jurisdiction where the guilty plea in question had been taken. As in our case, (1) the defendant had pleaded guilty to unlawfully reentering the United States, in violation of 8 U.S.C. § 1326(a); and (2) in computing his offense level under USSG § 2L1.2, the district court had determined that he had committed a drug-trafficking offense. He had a prior conviction in Texas state court for delivering cocaine. The Texas statute, however, defined delivery to include an offer to sell, and the Fifth Circuit had previously ruled that an offer to sell drugs is not a drug-trafficking offense. Therefore, the sentencing court could not assume that defendant’s prior offense was a drug-trafficking offense and would have to determine whether the specific offense to which the defendant had pleaded met the definition of a drug-trafficking offense. The Texas indictment alleged that the defendant had “ ‘actually transferred], constructively transfer[red], and offer[ed] to sell a controlled substance, to wit: COCAINE.’” Id. at 358. The government argued that the defendant’s guilty plea was an admission “that he both transferred and offered to sell cocaine.” Id. The Fifth Circuit disagreed. After noting that statements in federal appellate decisions suggested a split of authority, it said that it must look to the law of the jurisdiction where the plea was entered. As it interpreted Texas law, the defendant’s plea could have been sustained if he had admitted only offering to sell cocaine. Because there was nothing else in the record to show what the defendant had admitted, the court held that the defendant’s offense level could not be increased for commission of a drug-trafficking offense. Id. at 359-61.
Following the Fifth Circuit’s approach, this court should determine what Colorado law says about what Mr. Torres-Romero admitted by pleading guilty. The majority opinion cites two Colorado Court of Appeals’ opinions to support its view. But neither People v. Zuniga, 80 P.3d 965 (Colo.Ct.App.2003), nor People v. Flagg, 18 P.3d 792 (Colo.Ct.App.2000), involved our situation: Zuniga held merely that the defendant’s guilty plea waived his claim on appeal “that the property was not stolen or that he did not retain it through the date alleged in the information.” 80 P.3d at 970. And Flagg held that a guilty plea admits involvement in a crime up to the last date stated in the charge. See 18 P.3d at 794-95. Indeed, in my view the language from Flagg quoted by the majority opinion (and endorsed by the Colorado Supreme Court in Juhl v. People, 172 P.3d 896, 900 (2007)) is more supportive of my position than the majority’s. Flagg said, *1164 “A plea of guilty has the same effect as if defendant had been tried before a jury and had been found guilty on evidence covering all the material facts.” Id. at 794. This suggests that a plea to an indictment establishes the same facts — no more, no less — than would be established by a jury verdict of guilty after a trial on the same indictment. That reading of Flagg would lead to the results that were reached in Zuniga and Flagg. And it would also lead to the result I would reach in this case.
The majority opinion also claims support from Hahn v. People, 126 Colo. 451, 251 P.2d 316 (Colo.1952). In that case the defendant pleaded guilty to a habitual-criminal information alleging prior felonies that would increase his sentence on a charge on which he had been convicted by a jury. He then moved to vacate his sentence on the ground that the prior felonies did not constitute felonies under Colorado law. The court held that the motion was barred by his guilty plea. It wrote,
Holding as we do that the plea of defendant to the habitual criminal counts was in effect a plea of guilty, it follows that defendant pleaded guilty to every fact averred in these counts of the information, and there is neither law, reason, or necessity requiring proof of the things admitted by such plea.
Id. at 318. In the context of that case, the statement was quite uncontroversial. But the majority opinion would extrapolate to a new context the language that a guilty plea “plead[s] guilty to every fact averred in ... the information” and infer that a plea necessarily is an admission of each alternative means of committing the offense that is set forth conjunctively in the information. I disagree. We should not treat language in an opinion as a verbal formula into which we enter the data from any possible case that could fit the language and then recite the answer. Judging is not such a mechanical task. Language in our opinions must be read in context. We can be certain that the Hahn court did not have in mind the situation presented on this appeal. General language that works almost all the time may not be applicable in circumstances that were not envisaged when the language was written. One example may suffice to prove the point. Perhaps the most frequently stated proposition of law in our opinions is that “we review the district court’s grant of summary judgment de novo, applying the same standard used by the district court.” Johnson v. Riddle, 443 F.3d 723, 724 (10th Cir.2006). That statement is correct in most circumstances, and virtually every reader finds it completely acceptable; but it is wrong in one important context: If the district court applied the incorrect standard, we are not bound to apply the “same standard.” When the district court has so erred, “we ... apply the summary judgment standard that should have been applied by the district court.” Id. at 725 n. 1 (internal quotation marks omitted) (emphasis added). With that example in mind, I would not read into Hahn nearly as much as does the majority opinion.
Contrary to the majority opinion, I would interpret Colorado law to be that Mr. Torres-Romero’s guilty plea admitted only that he had committed the statutory offense in at least one (not necessarily all) of the alternative ways set forth conjunc-tively in the information. After all, the current formulation of the general rule in Colorado is that “[a] plea of guilty has the same effect as if defendant had been tried before a jury and had been found guilty on evidence covering all the material facts.” Flagg, 18 P.3d at 794. In other words, what is factually admitted by a guilty plea is the same as what is established by a jury verdict on the same charge. Because a jury verdict establishes only that the defendant committed the offense by one (not necessarily all) of the means stated con- *1165 junctively in the information, see Viduya, 703 P.2d at 1292-93, a guilty plea establishes no more than that.
In addition, Colorado Criminal Rule 11(b)(6) states that the court shall not accept a guilty plea without determining that “there is a factual basis for the plea,” unless the defendant pleas under a plea agreement and waives this requirement. A practice guide explains, “The record is sufficient to sustain a plea of guilty if the facts show that the defendant’s conduct and state of mind are sufficient to have concluded that the defendant is guilty of the charge.” 15 Robert J. Dieter, Colorado Criminal Practice and Procedure § 15.40 (2d ed.2008). I would infer from this statement that the judge will accept a plea if the defendant admits, or the State proffers evidence, that he has committed acts that would constitute a violation of the statute. Accordingly, the defendant need admit only one of the multiple means of committing an offense alleged conjunctively in an indictment or information. The analysis in this paragraph is essentially the same that the Fifth Circuit employed in Morales-Martinez to conclude that a Texas guilty plea admits only one of the alternative means of committing an offense charged conjunctively. See 496 F.3d at 359-60. I would follow that court’s lead and reach the same conclusion here — that the government has not established that Mr. Torres-Romero committed a drug-trafficking offense. But even if the matter is questionable, I would certify the issue to the Colorado Supreme Court rather than affirming the sentence below.